**In re Donald F. COLE, Debtor(s).**

**Appeal of Donald F. COLE.**

**BAP No. SC 88–1188–JVAs.**
**Bankruptcy No. 87–01692–H11.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Submitted on Briefs Sept. 14, 1988.

Decided Oct. 28, 1988.

Gregory A. Akers, San Diego, Cal., for appellant.

Before JONES, VOLINN and ASHLAND, Bankruptcy Judges.

### OPINION

ASHLAND, Bankruptcy Judge:

Donald Cole appeals the bankruptcy court's denial of his uncontested homestead

exemption. *In re Cole*, 83 B.R. 32 (Bankr. S.D.Cal.1988). We reverse.

## FACTS

The facts in this case are undisputed, and no responsive brief has been filed in opposition to appellant Donald Cole's (Cole) brief. Cole filed Chapter 11 and acted as debtor in possession. When Cole filed bankruptcy he owned and resided in a house in La Jolla, California. Cole claimed an undeclared homestead exemption ($45,000) against his family residence pursuant to Cal.Civ.Proc.Code § 704.710 *et seq*. The claim of exemption was not objected to by any creditor or party in interest at any stage in the proceeding.

Upon filing the case, Cole determined that regular payments to creditors holding secured claims against the residence could not be maintained. As a result, Cole decided to sell the residence in order to preserve any equity in the property. A private sale was conducted after notice to creditors. The notice to creditors stated that the proposed sale was being made subject to Cole's homestead exemption. The sale was approved by the bankruptcy court and netted $268,000 for the estate.

Cole then gave notice to the creditors of his intent to disburse $45,000 in homestead proceeds to himself. No creditors objected; however, the court on its own motion denied the exemption. Cole appeals the order denying his homestead exemption.

## ISSUE

Did the court err in denying Cole's undeclared homestead exemption in proceeds generated from the sale of his residence?

## STANDARD OF REVIEW

This court reviews questions of law independently. *In re Probasco*, 839 F.2d 1352, 1353-4 (9th Cir.1988).

## DISCUSSION

■ Homestead exemptions are authorized by the California Constitution, art. XVII, § 1, and are statutorily enacted in Cal.Civ.Proc.Code §§ 704.710 *et seq*. and 704.910 *et seq*. The two statutory provisions differ in one critical respect. Under § 704.910, governing declared and recorded homesteads, the proceeds from a voluntary sale of the property are exempt for a period of six months in order to allow reinvestment in another residence. Cal.Civ.Proc. Code § 704.960(a). Alternatively, § 704.720(b), governing undeclared homesteads, provides that only the proceeds of a forced sale will be exempt for a period of six months.[1] Cal.Civ.Proc.Code § 704.720(b). Thus, where an undeclared

---

1. Section 704.720(b) provides as follows:

   (b) If a homestead is sold under this division or is damaged or destroyed or is acquired for public use, the proceeds of sale or of insurance or other indemnification for damage or destruction of the homestead or the proceeds received as compensation for a homestead acquired for public use are exempt in the amount of the homestead exemption provided in Section 704.730. The proceeds are exempt for a period of six months after the time the proceeds are actually received by the judgment debtor, except that, if a homestead exemption is applied to other property of the judgment debtor or the judgment debtor's spouse during that period, the proceeds thereafter are not exempt.

   Cal.Civ.Proc.Code § 704.720(b).

   The legislative committee comment states:

   ... As under former law, proceeds of a voluntary sale of the homestead are not exempt under the proceeds exemption provided by subdivision (b) ...

   Legislative committee comment—Senate 1982 Addition.

   The legislative history is unequivocal in stating that section 704.720(b) does not apply to voluntary sales; however, the language of the statute itself is susceptible to a contrary reading. The first sentence in stating "if a homestead is sold under this division *or* is damaged ..." uses the disjunctive in describing the possible dispositions of the homestead that are covered by the section. The term sold is not specifically defined in the statutory scheme; therefore, the legislature must have intended that the term sold be used in its ordinary or plain meaning. The definition of a sale as contained in *Black's Law Dictionary* includes both voluntary and involuntary dispositions of property. Thus a literal reading of the statute includes both voluntary and involuntary sales. However, this question is not argued on appeal and it is not necessary to resolve the question in order to dispose of this appeal. This court will reserve ruling on the issue until such time as it is properly presented on appeal.

homestead is claimed pursuant to § 704.710 *et seq.* the debtor is not entitled to the proceeds of a voluntary sale regardless of his intent to reinvest the proceeds in a new residence. *In re Williams,* 58 B.R. 114, 115–6 (Bankr.S.D.Cal.1986).

Cole argues that the sale of his residence, while acting as a debtor in possession in a liquidating Chapter 11, is analogous to a sale by a Chapter 7 trustee, and is therefore the equivalent of a forced sale. The court held that the sale of a Chapter 11 debtor's residence by the debtor in possession is not the equivalent of an execution sale as contemplated in Cal.Civ.Proc.Code § 704.720(b). Thus, the sale of the residence was voluntary, and the proceeds from the sale were not exempt.

■ In our view, the sale of a residence by a Chapter 7 trustee is a forced sale within the meaning of the California statutory scheme. To hold otherwise would invalidate undeclared homestead exemptions for all Chapter 7 debtors. Such a construction of the homestead exemption would thwart the very purpose for which the statute was enacted.

> ... In 1974, the California Legislature apparently recognized that only those who were aware of their legal rights took advantage of the homestead laws. Thus, people who had the greatest need for the protection of the homestead law were the least likely to obtain such protection. 8 Witkin, *California Procedure* 3d § 227, pg 204 (1985). In response to this situation, the "dwelling house" exemption was created, allowing debtors to claim their residences as a homestead at any time without recording a declaration of homestead.

*In re Williams,* 58 B.R. 114, 115 (Bankr.S.D.Cal.1986).

As a general rule, the law favors homesteads; thus, exemptions are to be interpreted liberally and in the debtor's favor whenever possible. *In re Anderson,* 824 F.2d 754, 759–60 (9th Cir.1987). The legislative intent in enacting § 704.710 was to expand the availability of homestead exemptions to those with the greatest need for protection. A finding that a sale by a Chapter 7 trustee is not a forced sale would not be consistent with the policy of providing greater protection for those unaware of their legal rights. Such a finding would, in fact, remove the availability of the undeclared homestead exemption from all Chapter 7 proceedings in which the trustee sells the debtor's residence.

■ Having sustained the argument that a Chapter 7 trustee's sale of a residence is a forced sale, we turn to the question of whether there is any reason to treat differently the sale of a residence by a debtor in possession in a liquidating Chapter 11. A debtor in possession acts in a fiduciary capacity toward both the creditors and the estate. 11 U.S.C. § 1107(a). It is undisputed that in this case, exercise of that duty required a sale of the residence in order to preserve equity for the estate.

Under the bankruptcy court's reasoning, the debtor is presented with an irreconcilable conflict of interest. If the debtor faithfully discharges his duties as a debtor in possession, he will forfeit his homestead exemption. If he acts in his own interest as a debtor, he will breach his fiduciary duty to preserve property for the estate. Cole elected to act in good faith as a debtor in possession, and should not be penalized for so doing. If Cole had acted in self interest it is probable that this court would now be faced with a creditor's assertion that he squandered property of the estate. There is little practical difference between a Chapter 7 trustee and a debtor in possession in a liquidating Chapter 11. The duty of both is to marshall, liquidate, and distribute assets of the estate.

The Ninth Circuit has recently addressed the issue of whether payments made during the pendency of a Chapter 11 are voluntary or involuntary. Tax payments made after a Chapter 11 filing but before confirmation of a plan have been determined by the Ninth Circuit to be involuntary payments and bankruptcy courts do not have equity jurisdiction to hold otherwise. *In re Technical Knockout Graphics, Inc.,* 833 F.2d 797, 803 (9th Cir.1987). If payments made to a creditor during the pendency of a Chapter 11 proceeding are involuntary, it

is difficult to see why a sale of assets to make those payments should be characterized as voluntary. Judge Volinn, dissenting in the Bankruptcy Appellate Panel's decision in *Technical Knockout* stated:

> Debtors who file under *any* chapter of the bankruptcy code have few, if any, options. As a practical matter, they file bankruptcy because it is a last chance for a relatively ordered financial liquidation or rehabilitation rather than the out-of-court financial debacle facing them on the eve of bankruptcy.

68 B.R. 463, 469 (Bankr. 9th Cir.1986) (Volinn, Bankr. J. dissenting), *rev'd*, 833 F.2d 797 (9th Cir.1987).

Furthermore, other cases analyzing whether payments to the IRS are voluntary uniformly define involuntary payments as those made pursuant to judicial action. *See Technical Knockout*, 833 F.2d at 802 and the cases cited therein. Court approval was required in order to consummate the sale of Cole's residence. Thus, under the *Technical Knockout* rationale the sale was made pursuant to judicial action and was therefore involuntary.

## CONCLUSION

A debtor in possession's sale of his residence in a liquidating Chapter 11 is an involuntary sale. An involuntary sale is the functional equivalent of a forced sale within the meaning of Cal.Civ.Proc.Code § 704.720(b). The bankruptcy court's denial of Cole's homestead exemption is reversed.