In re PLANVEST EQUITY INCOME PARTNERS IV, a California limited partnership, d/b/a Paradise Groves Mobile Home Park, Debtor.

Bankruptcy No. B–88–3195–PHX–RGM.

United States Bankruptcy Court, D. Arizona.

Nov. 30, 1988.

Steven N. Berger, Streich, Lang, Weeks & Cardon, Phoenix, Ariz., for debtor.

Robert R. Kinas, Snell & Wilmer, Phoenix, Ariz., for Columbia Sav. & Loan Ass'n.

## OPINION AND ORDER

ROBERT G. MOOREMAN, Chief Judge.

On November 10, 1988, this Court held a hearing on the debtor's objection to Columbia Savings and Loan Association's (Columbia's) secured claim. At the same time, a hearing on the debtor's plan confirmation was also held in which Columbia filed an objection to confirmation of the proposed plan. These matters were taken under advisement. This Court has duly considered the pleadings, the record, the statements of counsel and the applicable law.

The essential issue in both matters presently before this Court is whether Columbia is entitled to a "default rate of interest" at 19.5% and a "prepayment penalty" of over $300,000. Columbia essentially argues that the plan does not provide for the "best interest of the creditors" under § 1129(a)(7) because the plan does not provide for the payment of the prepayment penalty which Columbia argues they would be entitled to under a liquidation.

Columbia's argument, however, fails to recognize that this Court must first determine the amount of the allowed secured claim before a determination under § 1129 is appropriate. Additionally, prepayment penalty provisions are generally interpreted to mean that the penalty is allowed only where the prepayment is voluntary. *See e.g. In re LHD Realty Corp.,* 726 F.2d 327 (7th Cir.1984). Columbia's argument that it would be entitled to the prepayment penalty in a liquidation is not persuasive because payment of the debt resulting from liquidation would not consti-

tute a "voluntary" prepayment. Additionally, it is recognized that a debtor's disposition of property under a Chapter 11 may be *involuntary.* *See In re Cole,* 93 B.R. 707 (9th Cir.BAP 1988).

In determining the amount of Columbia's allowed secured claim, this Court is governed by a standard of reasonableness as set forth in § 506(b). The relevant portion of § 506(b) provides as follows:

there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

11 U.S.C. § 506(b).

It is this Court's view that under § 506(b), Columbia is not entitled to the prepayment penalty in the instant case because such penalty is not a reasonable fee under the circumstances. Columbia has failed to show that the prepayment penalty in excess of $300,000 is an actual or reasonable cost resulting from the "prepayment" of the subject loan. Additionally, it is questionable whether Columbia is entitled to such a penalty when Columbia sought to lift the automatic stay in order to foreclose on the subject property. Acceleration of a note is recognized as preventing the mortgagee from seeking to enforce a prepayment penalty clause. *In re LHD Realty,* 726 F.2d 327 (7th Cir.1984). Columbia's seeking to lift the stay is sufficient to amount to a clear intent to accelerate the amount due. *Id.* Finally, in view of the recent BAP decision in *In re Cole,* it is questionable whether the payment of the underlying note amounts to a "voluntary" prepayment. *In re Cole,* 93 B.R. 707 (9th Cir. BAP 1988). *See also In re Technical Knockout Graphics, Inc.,* 833 F.2d 797 (9th Cir.1987).

It is also this Court's determination that under § 506(b) and the circumstances of the instant case, Columbia is entitled to collect only the contract rate of interest. *See Entz–White Lumber & Supply,* 850 F.2d 1338 (9th Cir.1988). Such a ruling is further supported by the fact that the contract rate of interest in the instant case appears to be greater than the current market rate of interest and is therefore reasonable under the facts of record.

The debtor has also objected to Columbia's asserted claim for attorney's fees and costs arising out of the motion for relief from the automatic stay. This Court finds, however, that these costs were reasonable under the circumstances and should be allowed as part of Columbia's allowed secured claim.

IT IS HEREBY ORDERED directing debtor's counsel to lodge a form of judgment consistent herewith within thirty (30) days of this order.

Pursuant to F.R.Civ.P. 52, as adopted by Rule 7052 of the Rules of Bankruptcy Procedure, this opinion and order shall constitute findings of fact and conclusions of law.