**In re IMPERIAL CORONADO PART-NERS, LTD., a Florida Limited Partnership, Debtor.**

**IMPERIAL CORONADO PARTNERS, LTD., Appellant,**

v.

**HOME FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellee.**

**BAP No. CC–87–1990–JMoMe.**

**Adv. No. LA87–0915–GM.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted June 16, 1988.

Decided Feb. 22, 1989.

Sharon Barton Tuppan, Los Angeles, Cal., for appellant.

Nanette D. Sanders, Lobel & Winthrop, Newport Beach, Cal., for appellee.

Before JONES, MOOREMAN and MEYERS, Bankruptcy Judges.

## OPINION

JONES, Bankruptcy Judge:

The trial court granted summary judgment in favor of Appellee Home Federal allowing it to recover a prepayment premium as part of its secured claim. Defendant asserts that the court erred by concluding that the premium was enforceable and by allowing recovery under Bankruptcy Code section 506(b). We affirm in part, reverse in part and remand.

## FACTS

On March 15, 1983, Imperial Coronado Partners, Ltd., a Florida limited partnership ("ICP"), executed a promissory note payable to Home Federal Savings and Loan Association ("Home Federal"), a federally chartered savings and loan institution, in the original principal sum of $825,000. The note was secured by a deed of trust encumbering real property owned by ICP in Imperial Beach, California and commonly known as the Imperial Palms Apartments. The note contains a provision for extra compensation to Home Federal if ICP pays the note before ninety days prior to April 15, 1988, the maturity date.

ICP defaulted when the March 1986 installment was not paid. In May, 1986, Home Federal initiated foreclosure proceedings by serving and recording its Notice of Default and Election to Sell which declared the entire unpaid principal of $814,927.09 due and payable. A trustee's sale was scheduled for September 11, 1986. To prevent the loss of the property through foreclosure, ICP filed a voluntary Chapter 11 petition on August 12, 1986. ICP subsequently opposed Home Federal's motion for relief from the stay and obtained court approval to sell the property to a third party through which sale the obligation to Home Federal was satisfied in full. In its demand statement placed in escrow, Home

Federal charged ICP $53,988.92 as a prepayment premium under the note. ICP objected to the payment of the premium and, in order to close the sale, placed the disputed funds in a separate escrow account and reserved its rights pending judicial determination or settlement.

Home Federal then filed a Complaint to Determine Extent of Secured Claim and To Compel Payment Thereof. The complaint alleges that the $53,988.92 prepayment penalty is a valid and recoverable portion of Home Federal's secured claim under Bankruptcy Code § 506(b). The bankruptcy court granted summary judgment in favor of Home Federal and ICP timely appealed.

## QUESTIONS PRESENTED

A. Whether a federally chartered savings and loan may collect a contractual prepayment premium after having accelerated the due date of a promissory note upon the debtor's default.

B. Whether a prepayment premium may be allowed as part of a secured claim under Bankruptcy Code § 506(b).

## STANDARD OF REVIEW

The Panel reviews de novo a bankruptcy court's grant of summary judgment. *See Kupetz v. Wolf,* 845 F.2d 842, 845 (9th Cir.1988). In the case at bar, there is no assertion that material issues of fact were in dispute. Thus, the only disputed issue is which party should have prevailed as a matter of law.

## DISCUSSION

A. Collection of the Premium.

*1. Federal Pre-emption of State Law*

■ The transcript of the trial court's oral ruling indicates that, to some extent, the court relied upon state law in holding that the prepayment penalty was enforceable. Both parties assert that this was error because prepayment penalties imposed by federally chartered savings and

loans are governed by federal law. We agree. In *Meyers v. Beverly Hills Federal Savings & Loan Ass'n.,* 499 F.2d 1145 (9th Cir.1974), the court discussed the effect of comprehensive regulations promulgated by the Federal Home Loan Bank Board ("FHLBB"). The court held that "federal law preempts the field of prepayments of real estate loans to federally chartered savings and loan associations, so that any California law in the area is inapplicable to federal savings and loan associations operating within California." *Id.* at 1147. *See also Fidelity Federal Savings & Loan Ass'n. v. de la Cuesta,* 458 U.S. 141, 159, 102 S.Ct. 3014, 3025, 73 L.Ed.2d 664 (1982) (FHLBB's due-on-sale regulation preempts conflicting state limitations on due-on-sale practices of federal savings and loans). FHLBB regulations governing the loan here [1] provide that a borrower may prepay a loan without penalty unless, *inter alia,* the loan agreement provides for a prepayment penalty. *See* 12 CFR § 545.8–5(b)(1) (1983). Thus, the enforceability of the prepayment premium is governed by federal law.

*2. Construction of the Prepayment Clause*

■ We now consider whether the prepayment premium in the note involved in the present case is enforceable. The prepayment clause states that ICP "may prepay this note in full or in part at any time, provided [ICP pays] a charge in the amount equal to 6 months interest on the amount of each prepayment." The language of this provision is clearly permissive in nature; i.e., it *allows* the borrower to pay off the loan early if it chooses to do so and if the borrower pays the premium. In general, such a provision is interpreted to mean that the prepayment premium is allowed only where the prepayment is voluntary. *See, e.g., In re LHD Realty Corp.,* 726 F.2d 327 (7th Cir.1984) (applying Illinois law); *Tan v. California Federal Savings & Loan Ass'n.,* 140 Cal.App.3d 800, 189 Cal. Rptr. 775 (1983); *McCarthy v. Louisiana*

---

**1.** The parties cite the 1987 regulations. However, the loan transaction here occurred in 1983. We therefore apply the regulations in effect at that time.

*Timeshare Venture*, 426 So.2d 1342, 1346 (La.Ct.App.1983). *See generally* Annotation, *Construction and Effect as to Interest Due of [sic] Real Estate Mortgage Clause Authorizing Mortgagor to Prepay Principal Debt*, 86 A.L.R.3d 599 (1978). While we are not constrained to follow state law, we will follow this rule, which appears to be universally used. We therefore conclude that the prepayment premium in the case at bar may be collected by Home Federal if the prepayment was voluntary.

■ ICP argues that because, when it paid off the note, Home Federal had accelerated the amount due, the note was fully due and payable. As a result ICP did not "prepay" the note and cannot be held liable for a "prepayment premium". Many courts have held that where a mortgagee accelerates the amount due under a note, a prepayment penalty may not be collected. *See LHD Realty*, 726 F.2d at 330–31; *Tan*, 189 Cal.Rptr. at 782; *Slevin Container Corp. v. Provident Federal Savings & Loan Ass'n.*, 98 Ill.App.3d 646, 54 Ill.Dec. 189, 191–92, 424 N.E.2d 939, 940–41 (1981); *American Federal Savings & Loan Ass'n. v. Mid–America Serv. Corp.*, 329 N.W.2d 124, 125–26 (S.D.1983); *General Motors Acceptance Corp. v. Uresti*, 553 S.W.2d 660 (Tex.Civ.App.1977). In those cases, however, it appears that the borrower had no choice but to pay the accelerated amount or lose the property. For instance, in *Tan*, the acceleration occurred through enforcement of a due-on-sale clause. There was no right to reinstate the loan or deaccelerate the amount due. The only option was to pay off the note or reconvey the property.

The situation in the case at bar is different because ICP had the right to reinstate the loan under California law or to deaccelerate the loan under bankruptcy law. Under California law, a trustor may, until five days prior to the foreclosure sale, reinstate a loan by paying arrearages. Cal.Civ.Code § 2924c. Therefore, on the date it filed

bankruptcy (30 days prior to the foreclosure sale), ICP could have reinstated the loan. Under the Bankruptcy Code, ICP had the right to deaccelerate the due date of the loan as part of a plan of reorganization. *See* 11 U.S.C. § 1124(2). In fact, the record indicates that ICP was contemplating such a plan of reorganization at one point.

ICP argues that it could not afford to pay arrearages and reinstate the loan and that it would be "unfair and inequitable" to punish the Debtor for selling the property pursuant to § 363 of the Bankruptcy Code. We disagree on both counts. With respect to reinstatement, the question is not whether ICP could, as a practical matter, afford to exercise its right, but whether it had the right to reinstate the loan. It did. With respect to deacceleration, ICP assessed its situation and decided that selling the property under § 363 was a better business decision than attempting to refinance the property and deaccelerate the loan as part of a reorganization plan. As ICP admits, this was a conscious decision on its part. In our view, the decision to sell the property and pay off the loan was voluntary, and the prepayment premium is therefore enforceable.

**B. Inclusion as Part of Secured Claim.**

■ The next question is whether any or all of the prepayment premium should be allowed as part of Home Federal's secured claim.[2] Under Bankruptcy Code § 506(b), to the extent that an allowed claim is oversecured, "there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose." 11 U.S.C. § 506(b). Here, the prepayment premium is clearly a "charge provided for under the agreement" and, thus, subject to the reasonableness limitation. What constitutes a "reasonable" charge under section 506(b) is

---

2. We note that the entire amount of the premium constitutes an allowed claim which, if there is sufficient assets, will be paid. *See In re 268 Ltd.*, 789 F.2d 674, 675–78 (9th Cir.1986) (al-
though only "reasonable" attorney's fees were part of secured claim, remainder of contractual attorney's fee claim would be an unsecured claim if enforceable under state law).

a question of federal, not state law. *268 Ltd.*, 789 F.2d at 676–77.

ICP argues that the court should look to the "actual" damages suffered by Home Federal as a result of its prepayment (i.e., the difference between the contract rate and the market rate from the date of prepayment until the date of maturity). We agree. We recognize that prepayment premiums are intended to protect lenders from a drop in interest rates between the date a loan is made and the prepayment date, *see LHD Realty*, 726 F.2d at 330, and a lender may have a contractual right to collect the full amount of a prepayment premium under nonbankruptcy law. *See* note 2 *supra*. In our view, however, a lender is entitled, under section 506(b), to collect only the difference between (1) the market rate of interest on the prepayment date, and (2) the contract rate, for the remaining term of the loan. Because there was no evidence submitted regarding the market rate at the time of the prepayment, we remand for the trial court to determine that figure and allow the secured claim accordingly.

## CONCLUSION

Although the trial court erroneously looked to California law regarding the enforceability of the instant prepayment clause, it correctly concluded that the clause was enforceable. That aspect of the trial court's decision is therefore AFFIRMED. However, we REVERSE the trial court's decision to the extent it allows Home Federal to collect the full premium as part of its secured claim under Code § 506(b). We REMAND for the trial court to take evidence on the market rate of interest on the date of prepayment and to determine the amount of Home Federal's secured claim accordingly.

MOOREMAN, Bankruptcy Judge, dissenting.

I am unable to join in the majority's disposition of the instant case holding that the prepayment penalty clause was enforceable.

The basis of the majority's decision is that the debtor's "prepayment" of the underlying note was "voluntary." Such a determination, however, is contrary to recent Ninth Circuit and Bankruptcy Appellate Panel (BAP) case law. In the case of *In re Cole*, 93 B.R. 707 (9th Cir. BAP 1988), the BAP determined that the sale of a debtor's residence in a liquidating Chapter 11 was an "involuntary" sale, thereby entitling the debtor to an "undeclared" homestead exemption pursuant to state law. *Id.* at 708. In doing so, the *Cole* Panel relied on *In re Technical Knockout*, 833 F.2d 797 (9th Cir.1987), for the recognized notion that *payments made pursuant to judicial action* are uniformly defined as involuntary payments. *Id.* at 710. In the instant case, the subject property was sold pursuant to court order under 11 U.S.C. § 363.

Additionally, the *Cole* Panel also relied on Judge Volinn's dissenting opinion in the BAP's decision of *Technical Knockout*, wherein he stated:

Debtors who file under *any* chapter of the bankruptcy code have few, if any, options. As a practical matter, they file bankruptcy because it is a last chance for a relatively ordered financial liquidation or rehabilitation rather than the out-of-court financial debacle facing them on the eve of bankruptcy.

*In re Cole*, 93 B.R. at 710 (quoting Judge Volinn's dissenting opinion at 68 B.R. 463, 469).

The majority's disposition also relies on the fact that the debtor in the instant case, had the right to refinance the property and "deaccelerate" the loan as part of a reorganization plan. However, if (because of financial condition), a debtor determines that refinancing a certain piece of property pursuant to a plan would not be feasible or would not provide the best means of reorganization, the only feasible alternative is to sell the property and pay off the loan. To enforce a penalty provision for prepayment when no other feasible alternative exists, looks to form over substance and overlooks the equitable nature of the bankruptcy forum. *See In re Planvest Equity Income Partners IV*, 94 B.R. 644 (Bankr. D.Ariz.1988).

Finally, acceleration of the note is recognized as preventing the mortgagee from enforcing a prepayment penalty clause. *E.g. In re LHD Realty Corp.,* 726 F.2d 327, 330 (7th Cir.1984). In the instant case, Home Federal's seeking to lift the stay in order to foreclose on the property amounts to a clear intent to accelerate the amount due under the note. *Id.* at 331; *see also Planvest Equity,* 94 B.R. at 645. Contrary, to the majority's apparent distinction (*see* Opinion at 1000), the facts of the *LHD Realty* case are equally applicable to the instant case and although not controlling on this Panel, I agree with the rationale set forth therein.