In re the COUNTRYWOOD INVEST-
MENT GROUP, LTD., d/b/a
Countrywood Apartments, Debtor.

Bankruptcy No. 389–02584.

United States Bankruptcy Court,
M.D. Tennessee.

Aug. 10, 1990.

William L. Norton, III, Boult, Cummings, Conners & Berry, Nashville, Tenn., for debtor.

W. Neil Thomas, III, Everett L. Hixson, Jr., Chattanooga, Tenn., for New York Life Ins. Co.

MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

The issue is whether an oversecured mortgage holder is entitled to a higher default interest rate on unpaid installments of principal and interest where the confirmed Chapter 11 plan provides for cure of

 

the prepetition default and reinstatement of the original mortgage terms. The default interest rate is not applicable.

The debtor owns an apartment complex. New York Life Insurance Company holds a first mortgage. The note provides for monthly installments of principal with interest at 8.75%. A higher rate of interest applies to past due installments: "Installments of principal and interest bear interest after maturity at the rate of 10% per annum."

The debtor accumulated defaults in excess of $200,000, though the composition and calculation of this arrearage is not completely clear. The confirmed plan cures this arrearage over two years with 10% interest. The balance of the note will be paid in accordance with the original terms.

The proof of claim filed by New York Life includes $12,602 which is apparently interest on unpaid installments of principal and interest from their maturity dates to the effective date of the plan at the default rate of 10%. New York Life characterizes this as a "late charge." The debtor objects, arguing that the note does not provide for late charges and that the 10% interest rate is not appropriate because the plan cures all defaults.

This court adopts the view of the Ninth Circuit in *In re Entz–White Lumber & Supply, Inc.*, 850 F.2d 1338 (9th Cir.1988) and *In re Southeast Co.*, 868 F.2d 335 (9th Cir.1989) that the curing of defaults at confirmation of a Chapter 11 plan eliminates the consequences of default, including a higher interest rate that was triggered by the debtor's failure to pay installments when due. *See also In re Singer Island Hotel, Ltd.*, 95 B.R. 845, 20 C.B. C.2d (MB) 436 (Bankr.S.D.Fla.1989); *In re Planvest Equity Income Partners IV*, 94 B.R. 644, 18 B.C.D. (CRR) 1107 (Bankr.D. Ariz.1988); *Matter of Arlington Village Partners, Ltd.*, 66 B.R. 308, 15 B.C.D. (CRR) 37 (Bankr.S.D.Ohio 1986); *Levy v. Forest Hills Assoc. (In re Forest Hills Assoc.)*, 40 B.R. 410 (Bankr.S.D.N.Y.1984); *Di Pierro v. Taddeo (In re Taddeo)*, 685 F.2d 24 (2d Cir.1982). The 10% interest rate on which New York Life bases its "late charge" argument is a consequence of default which the debtor avoided by confirmation of a plan that cures defaults.

The question whether New York Life was entitled to interest between the date of default and the effective date of the plan at the pre-default rate of 8.75% on unpaid installments of principal and/or interest is not here presented. *See Entz–White*, 850 F.2d at 1343, n. 7.

An appropriate order will be entered.

## ORDER

For the reasons stated in the memorandum filed contemporaneously herewith, IT IS ORDERED, ADJUDGED and DECREED that the debtor's objection to New York Life Insurance Company's claim is sustained.

IT IS SO ORDERED.