[No. A051861. First Dist., Div. Four. Oct. 25, 1991.]

LOUIS E. WEBB, as Conservator, etc., Plaintiff and Appellant, v. MARY TRIPPET, Defendant and Respondent.

## Counsel

Vogel and Rosen, Barry Vogel and Norman G. Rosen for Plaintiff and Appellant.

Bart P. Kronfeld for Defendant and Respondent.

## Opinion

**REARDON, J.**—Appellant Louis E. Webb, conservator of the estate of Wayne B. Combash, appeals from an order directing the sale of real property for the benefit of judgment creditor and respondent Mary Trippet. Webb contends that the trial court erred in finding that a declared homestead exemption did not apply because Combash, who has been missing since February 1988, had not resided continuously on the property. (See Code Civ. Proc., §§ 704.710-704.850.)[1] We reverse the judgment.

### I. Facts

In March 1981, Wayne B. Combash recorded a declaration of homestead on real property located in Fort Bragg, California. In March 1982, respondent Mary Trippet obtained a monetary judgment against Combash in the amount of $15,185. Combash was living at the Fort Bragg residence when Trippet's lien attached.

Combash has been missing since February 1988 and has not reestablished residence on the homestead property. In 1988, appellant Louis E. Webb was appointed conservator of Combash's estate. (See Prob. Code, § 1845.) In this capacity, Webb has stored personal items belonging to Combash on the property in anticipation of his return.

In August 1990, Trippet applied for a court order directing sale of the property. On October 9, 1990, the trial court granted the application and found that Combash was not entitled to a homestead exemption because he had not resided continuously on the property.

### II. Discussion

#### A. *Reviewability*

Initially, Trippet claims that Webb is estopped from raising the homestead issue on appeal. She maintains that Webb acquiesced in the trial court's

---

[1] Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.

analytical approach, thus waiving his right to object to any subsequent error. However, this argument misperceives Webb's position at trial.

Webb argued at trial that the homestead exemption applied because Combash was only temporarily absent from his declared homestead residence. The trial court disagreed and held that Combash was *not* entitled to an exemption. Webb conceded that Combash had not been in actual residence, but maintained that actual residence was *not* required for a declared homestead exemption. Accordingly, Webb did not waive his right to raise this legal issue on appeal.

## B. *The Homestead Exemption*

■ Webb contends that the trial court erred in holding that continuous residence is required to prove entitlement to a declared homestead exemption. He maintains that there is no express requirement of actual residence when a declaration of homestead has been filed. (See §§ 704.910-704.995.)

To distinguish the two types of statutory exemption at issue, we examine the legislative history and policy considerations behind homestead exemptions. The California Constitution directs the Legislature to protect a portion of homestead property from forced sale. (Cal. Const., art. XX, § 1.5.) Former state law provided a procedure by which a party could obtain a monetary exemption for his or her family residence by filing a declaration of homestead. (See former Civ. Code, § 1237 [Stats. 1973, ch. 281, § 1, p. 677; repealed Stats. 1982, ch. 497, § 8, p. 2137].) The policy behind this homestead exemption was to ensure that insolvent debtors and their families should not be rendered homeless by virtue of a forced sale of their residential property. (*Thorsby* v. *Babcock* (1950) 36 Cal.2d 202, 204 [222 P.2d 863]; *Estate of McIntyre* (1961) 189 Cal.App.2d 498, 502 [11 Cal.Rptr. 733].) This purpose was effectuated by providing a monetary exemption for the homestead: only the value of the home above this exemption could be reached by judgment creditors.

Despite the availability of this procedure, many debtors failed to execute a declaration of homestead on their property. The unintended result was that only the more sophisticated debtor, who had followed the statutory procedure, obtained the exemption. (See 8 Witkin, Cal. Procedure (3d ed. 1985) Enforcement of Judgment, § 227, pp. 204-207.) Because the fundamental purpose behind the exemptions was largely frustrated, legislation was enacted conferring an automatic homestead exemption where no homestead declaration had been filed. (See former §§ 682 [Stats. 1979, ch. 66, § 1, pp. 167-168; repealed Stats. 1982, ch. 1364, § 1, p. 5070], 690.235

[Stats. 1974, ch. 1251, § 2.5, pp. 2705-2706; repealed Stats. 1976, ch. 1000, § 3, p. 2369].)

The law of homestead exemptions has since been restructured, but current law retains the distinction between declared and automatic homestead exemptions. (See legis. committee com., West's Ann. Code Civ. Proc. (1987 ed.), § 704.910, pp. 363-364.) An automatic residential exemption applies when a party has continuously resided in a dwelling from the time that a creditor's lien attaches until a court's determination that the exemption applies. (§ 704.710, subd. (c).) By contrast, the declared homestead exemption requires that a party record a declaration stating that the residence is the "principal dwelling" of the declarant or his or her spouse. (§§ 704.920, 704.930, subd. (a)(3).)

In its order directing sale of Combash's property, the trial court implicitly determined that continuous residence is necessary to invoke either type of homestead exemption. We are persuaded, however, that Webb was entitled to have the validity of Combash's homestead exemption determined under the statutory law applicable to declared homestead exemptions.

Respondent would find support for the trial court's requirement of continuous residence in the fact that the declared homestead provisions contain numerous references to the automatic exemption codified under section 704.710 et seq. (See §§ 704.910, subds. (c), (e), 704.950, 704.960, 704.965, 704.995.) The declared homestead provisions and the automatic exemption law each confer different rights on the homesteader, and there is no overlap between these rights. One may have rights under the declared homestead law, or rights under the automatic exemption law, or both, or neither. (See *In re Anderson* (9th Cir. 1987) 824 F.2d 754, 756.) However, the fact that one set of statutes refers to the other in some manner does not blur the distinctions between the rights each confers on the homesteader.

Although the Legislature, in setting forth the amount of the monetary exemption, makes reference to the debtor "who resides in the homestead" (see § 704.730, subd. (a)), we do not read this language to mandate actual or continuous residence. (See *In re Anderson, supra,* 824 F.2d at p. 757 [under California law, residency required to properly establish declared homestead, but moving away from homestead does not necessarily destroy exemption].) When a declaration of homestead has been filed, such declaration is prima facie evidence of the validity of the facts therein stated. (See § 704.940.)

C. *Abandonment*

Next, we must determine whether Combash is entitled to a declared homestead exemption given the fact that he has been absent from the

homestead property since February 1988. Under applicable statutory law, the property was a validly declared homestead. (See § 704.920.) This type of homestead is entitled to a presumption of validity and may be abandoned only by specific statutorily prescribed methods. (See §§ 704.980, 704.990.) Although Combash has not formally abandoned his declared homestead, Trippet suggests that he has abandoned the exemption by virtue of his prolonged absence.

 The methods prescribed by statute for abandonment of a declared homestead implicitly recognize that when a debtor has established another dwelling as his or her principal residence, the first declared homestead need no longer be placed beyond the reach of creditor's liens.[2] In this case, however, Trippet has not shown that Combash has established another residence since his February 1988 disappearance.

We remain aware that the fundamental policy behind the homestead exemptions is to protect insolvent debtors and their families from going homeless. Although this policy would not be served if Combash were to return to find that his property had been sold, neither should he be allowed to indefinitely maintain a homestead exemption when he has shown no intention of using the property as a personal residence. A creditor's interest in receiving payment on an unsatisfied judgment must, at some point, overtake an absent declarant's interest in maintaining a declared homestead exemption.

We believe that a useful balance can be struck between these competing interests by looking to the Probate Code, under which a missing person is presumed to be dead five years after his or her disappearance. We are satisfied that this period of time gives ample protection to the interests of the disappeared homestead declarant without imposing an inordinate burden on the judgment creditor before a court may direct sale of declared homestead property. Accordingly, we find that Combash is entitled to a declared homestead exemption in the statutory amount to be effective for five years from the date on which he left the premises in February 1988. If he does not return to inhabit the homestead property within this period of time, or is shown in the meantime to have established another dwelling as his principal residence, the exemption should be lifted and the property may then be ordered for sale.

---

[2]An implied abandonment occurs whenever a homestead declarant establishes another residence as his or her principal dwelling, even when there is no declaration of homestead on the second property. (See 5 Miller & Starr, Cal. Real Estate (2d ed. 1989) Homesteads, § 13:27, p. 265.) Abandonment is implied in such a case because the automatic residential exemption applies and provides the same monetary protection against creditor's liens for the new residence.

The judgment is reversed.

Anderson, P. J., and Poché, J., concurred.