**In re Donald KELLEY, Debtor.**

No. 02–10550.

United States Bankruptcy Court,
N.D. California.

Oct. 31, 2002.

---

Richard V. Day, Napa, CA, Edmund B. Dechant, Santa Rosa, CA, for debtor.

Michael C. Fallon, Santa Rosa, CA, for trustee.

Second Memorandum re Homestead Exemption

ALAN JAROSLOVSKY, Bankruptcy Judge.

Chapter 7 debtor Donald Kelley moved out of his residence at 901 South Main, Angel's Camp, California, in 1995. After that time, he resided in rental property in Napa, California. He essentially used the Angel's Camp property as a storage shed and had no incidents of residence in Angel's Camp. For about five years after Kelley left Angel's Camp, his property was vacant; since 2000, he has rented the property to a cousin.

Kelley filed his bankruptcy petition on March 8, 2002. He originally claimed the property as exempt under California's "automatic" homestead law, Code of Civil Procedure § 704.710 *et seq*. The trustee objected on the ground that Kelley did not reside on the property when he filed. The court sustained the objection. Kelley then amended his schedules to claim the property exempt under California's "declared" homestead law, Code of Civil Procedure § 704.910 *et seq*. The court must now rule on the same facts but different applicable law.

■ Under California law, a declared homestead is very resilient. Once a valid homestead is established and a declaration of homestead is recorded, it can be abandoned only in the manner prescribed by law. 37 **Cal.Jur.3d**, Homesteads, § 54. Under California law, a homestead can be abandoned only if the debtor has recorded a declaration of abandonment, records a new declaration of homestead on a different property, executes a conveyance of the homestead, or abandons the homestead by implication by establishing another residence as his principal dwelling. CCP §§ 704.960, 704.980, 704.990; *Webb v.*

*Trippet* (1991), 235 Cal.App.3d 647, 652, n. 2, 286 Cal.Rptr. 742.

■ Kelley has not recorded a declaration of abandonment of the homestead, nor recorded a new declaration of homestead on a different property. In order to abandon a homestead by conveyance, there must be a transfer of title; a lease is not such a conveyance. 37 **Cal.Jur.3d**, Homesteads, § 57, note 9 and accompanying text. Thus, Kelley's homestead exemption remains valid unless he has abandoned it by implication.

■ A homestead may be abandoned by implication under California law in two circumstances. First, implied abandonment occurs when the debtor has purchased a new residence because the automatic homestead exemption applies to the new residence. This is not the case here, as Kelley is a renter in Napa, not a property owner. Second, a homestead may be abandoned by implication where the debtor has shown no intention of using the property as a personal residence. *Webb v. Trippet*, 235 Cal.App.3d at 652, 286 Cal. Rptr. 742.

■ All of the facts in this case compel a finding that Kelley had no intention of using the property as anything more than a storage shed. He has not lived on the property for seven years. He rented the property to another. He depreciated the property in his tax returns. He moved from Angel's Camp because he could not make a living there. His entire deposition testimony is consistent with complete abandonment of the Angel's Camp property as a residence. While no single factor controls in every case, all of the factors in this case lead the court to the conclusion that Kelley had abandoned his homestead by implication.

The court has intentionally avoided applying *In re Anderson*, 824 F.2d 754 (9th

Cir.1987), to this analysis. Fifteen years after its issuance, the rule in that case remains unclear. On the one hand, the court in *Anderson* specifically noted that continued residency is not a requirement for a valid declared homestead exemption, 824 F.2d at 757, and is often cited for that proposition. On the other hand, it seems to say later on the same page and following pages that 1983 changes in California law altered this rule. The court notes that subsequent state court decisions such as *Webb v. Trippet* have avoided any mention of *Anderson*.[1] Treatises on the subject treat *Anderson* as inconsistent with California law to the extent it holds that continued residency is required for a valid declared homestead exemption. See, e.g., 37 **Cal.Jur.3d**, Homesteads, § 31 note 2.

▮ The court concludes that notwithstanding anything in *Anderson* continued residency is not a requirement for a valid California declared homestead exemption. However, the court will sustain the trustee's objection in this case because the court finds that Kelley abandoned his homestead by implication. Counsel for the trustee shall submit an appropriate form of order.

---

1. The court in *Webb v. Trippet* specifically found error in the ruling of the trial court that continued residency was required. This case was handed down four years after *Anderson*.

*Anderson* involved debtors who attempted to exempt a prior residence with a recorded declaration of homestead even though they had subsequently purchased and currently resided in another home. Instead of ruling that homestead law had changed, a better way to reach the same result would be to find, consistent with *Webb v. Trippet,* that purchase of the second residence constituted abandonment by implication of the declared homestead.