**In re Merolin NORMAN, Debtor.**

**Bankruptcy No. LA 93–24190–VP.**

United States Bankruptcy Court, C.D. California.

Aug. 10, 1993.

Peter A. Davidson, Los Angeles, CA, Chapter 7 Trustee.

Warren A. Harms, Carson, CA, for debtor.

## OPINION RE OBJECTION TO HOMESTEAD EXEMPTION

VINCENT P. ZURZOLO, Bankruptcy Judge.

### I. INTRODUCTION.

Merolin Norman ("Debtor") filed a Chapter 7 petition on April 22, 1993. The first meeting of creditors pursuant to 11 U.S.C. § 341[1] was held on May 24, 1993. John Monte ("Trustee"), the trustee appointed in this case, timely filed an objection ("Motion") to the Debtor's homestead exemption on June 23, 1993.

Debtor scheduled a homestead exemption apparently[2] pursuant to Civ.Proc. § 704.-710 *et seq.* (West 1993)[3] in the amount of $44,000 ("Homestead Exemption"). Trustee has not sold the Debtor's residence ("Homestead") in which Debtor claims the Homestead Exemption. Trustee made clear at the hearing on the Motion that he disputes neither the Debtor's valuation of the Homestead nor Debtor's statement of the amount of liens encumbering the homestead. Trustee concedes he has not yet sold the Homestead and thus there are no sales proceeds.

Trustee objects to the Homestead Exemption, arguing that under § 704.720(b), California provides a homestead exemption only if a judgment creditor seeks to enforce a money judgment by selling the homestead. Trustee does not otherwise dispute Debtor's entitlement to a homestead exemption in the Homestead. Trustee principally relies upon *In re Pladson*,[4] in bringing the Motion and admits he never made a similar objection prior to the publication of *Pladson*.

### II. APPLICABLE LAW.

A. *Overview of Federal and State Exemption Law.*

Upon the commencement of a bankruptcy case, virtually all property of the debtor becomes property of the bankruptcy estate.[5] Subsection 522(b) provides that a debtor may exempt from the bankruptcy estate certain property.[6] With the exception of certain property listed in § 522(c), property exempted from the estate cannot be used to satisfy the claims of creditors.[7] A debtor may exempt the types of property listed under § 522(d) unless the state in which the debtor is domiciled opts out of the "federal" set of exemptions listed in § 522(d), in which case the debtor is entitled to exemptions available under state law and federal law other than under subsection (d).[8] California has opted out of

---

1. All references to statutes other than those at § 680.000 *et seq.* are to sections of Title 11 of the United States Code.

2. The actual language used by Debtor in Schedule C is "California Code of Civil Procedure 704.10."

3. All references to § 680.000 *et seq.* are to sections contained in the California Code of Civil Procedure.

4. *In re Pladson,* 154 B.R. 305 (N.D.Cal.1993).

5. Section 541(a)(1) provides in pertinent part:

   (a) The commencement of a case under Sections 301, 302, 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
   (1) Except as provided in subsection (b) and (c)(2) of this section all legal or equitable interests of the debtor in property as of the commencement of the case.

6. Section 522(b) provides in pertinent part:

   (b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection....

7. *Section* 522(c). *See also In re Herman,* 120 B.R. 127, 130 n. 4 (9th Cir. BAP 1990). *See generally* H.R.Rep. No. 95–595, 95th Cong., 1st Sess., 126 (1977).

8. Section 522(b) provides in pertinent part:

   (b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection.... Such property is—
   (1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; Or, in the alternative,
   (2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or state or local law that is applicable on the date of the filing of the petition at the

the federal exemption scheme,[9] yet has given debtors the choice of two mutually exclusive sets of exemptions, one of which essentially mirrors the federal exemptions available under § 522(d).[10]

### B. *Why Exemptions Exist.*

California has created exemptions so that judgment creditors cannot take all property belonging to a judgment debtor to satisfy creditors' claim. Without this protection, an underclass of perpetually impoverished citizens would be created, a result harmful to those individuals as well as the community at large.[11] Congress had the same policy in mind when it authorized bankruptcy debtors to exempt certain property from the bankruptcy estate, property that is beyond the reach of a trustee who would otherwise apply such property to satisfy the claims of all creditors of the estate.[12]

Trustees have the duty to reduce to money all property of the estate to satisfy the claims of creditors pursuant to § 704(1). To execute this duty, trustees are empowered to sell property of the estate without the consent of the debtor.[13] Trustees also may object to exemption claims [14] and retrieve property or money, the transfer of which disrupted the statutorily prescribed distribution of the bankruptcy estate to creditors.[15] Hence, a trustee is analogous to a judgment creditor; both seek to liquidate a debtor's assets in order to satisfy money claims. The only significant difference is that a bankruptcy trustee acts collectively on behalf of all creditors. In fact, a trustee is given all the powers and rights of a judgment creditor pursuant to § 544.[16]

### C. *Organization of California Exemption Statutes.*

The California Code of Civil Procedure is divided as follows: part, then title, division, chapter, article, and finally by section. Part 2 "Of Civil Actions," Title 9 "Enforcement of Judgments," Division 2 "Enforcement of Money Judgments," Chapter 4 "Exemptions" contains the following articles:

| | |
|---|---|
| Article 1 | General Provisions |
| Article 2 | Procedure for Claiming Exemptions After Levy |
| Article 3 | Exempt Property |
| Article 4 | Homestead Exemption |
| Article 5 | Declared Homesteads |

Article 1, § 703.010 states in pertinent part:

Except as otherwise provided by statute:

(a) The exemptions provided by this chapter or by any other statute apply to all procedures for enforcement of a money judgment.

Article 1, §§ 703.020–060 govern the time, manner, and waiver of exemption, as well as the power of the state to alter the law of exemptions. Sections 703.070–120

---

place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition,....

**9.** Section 703.130 provides:

Pursuant to the authority of paragraph (1) of subsection (b) of Section 522 of Title 11 of the United States Code, the exemptions set forth in subsection (d) of Section 522 of Title 11 of the United States Code (Bankruptcy) are not authorized in this state.

**10.** The exemptions contained in § 703.140(b) essentially match those found in § 522(d).

**11.** *See Schoenfeld v. Norberg,* 267 Cal.App.2d 496, 498, 72 Cal.Rptr. 924 (1968).

**12.** See n. 7.

**13.** Section 363(b).

**14.** Fed.R.Bankr.P. 4003(b).

**15.** Sections 544 *et seq.*

**16.** Section 544(a) provides in pertinent part:

The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, *the rights and powers of,* or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) *a creditor* that extends credit to the debtor at the time of the commencement of the case, and *that obtains,* at such time and with respect to such credit, a *judicial lien* on all property on which a creditor on a simple contract could

include miscellaneous provisions.[17] Section 703.130 is the "opt out" statute.[18]

Article 1, § 703.140 states in pertinent part:

> (a) If a petition is filed under Title 11 of the United States Code, the exemptions provided by this chapter other than the provisions of subdivision (b) of this section shall be applicable, ...

By its organization of Article 1, the California legislature has made clear that there are two separate applications for claims of exemption. The first is in response to a sale pursuant to a money judgment.[19] The second is to the filing of a bankruptcy petition.[20] To summarize, § 703.010 provides that exemptions in Chapter 4 "shall" apply to all procedures for the enforcement of a money judgment "except as otherwise provided by statute." The quoted phrase refers, *inter alia*, to § 703.140 which provides that if a bankruptcy petition is filed, the exemptions described in Chapter 4 apply in a bankruptcy case. Hence, California law does not establish the existence of a "judgment creditor;[21]" a "money judgment,[22]" or a "judgment debtor"[23] as a prerequisite for a homestead exemption *in bankruptcy.*

This is the only construction that harmonizes the specific language of § 703.140 and § 703.010 and that is consistent with

the organization of Article 1. Courts should give statutes the meaning that arises from their plain language,[24] and should construe statutory codes so that they are internally consistent[25] and so that no particular section is superfluous.[26]

There are two other possible constructions of Article 1 and neither is satisfactory. Under the first, § 703.140 means that exemptions are available in bankruptcy but still require the existence of a "judgment creditor," "money judgment" and a "judgment debtor." This ignores the language in § 703.010, "Except as otherwise provided by statute ..." It also means that § 703.140 has no independent significance and thus is superfluous. The second construction of § 703.140 is that *it* authorizes bankruptcy debtors to exempt property from their bankruptcy estates. Such a construction violates the Supremacy Clause[27] by usurping the role of Congress in enacting § 522.

Articles 4 and 5 deal with exemptions of real property. Article 4 concerns an "undeclared homestead,"[28] otherwise known as an automatic exemption. Article 5 provides for a "declared homestead." The Debtor claims an automatic exemption; therefore, article 5 is not at issue.[29]

---

have obtained such a judicial lien, *whether or not such a creditor exists* (emphasis added).

17. These provisions address the following issues; tracing exempt funds, time for determination of exempt status, levy upon exempt property, application of exemption to married judgment debtor, financial condition of judgment debtor, and review by the Law Review Commission.

18. *See supra* n. 8.

19. Section 703.010.

20. Section 703.140.

21. Section 680.240.

22. Section 680.270.

23. Section 680.250.

24. *Spencer v. Lowery,* 235 Cal.App.3d 1636, 1639, 1 Cal.Rptr.2d 795 (1991).

25. *In re Anderson,* 824 F.2d 754, 756 (9th Cir. 1987) (federal court must apply California rules of statutory construction when interpreting California statutes); *Kahn v. Kahn,* 68 Cal.App.3d 372, 381, 137 Cal.Rptr. 332, 336 (1977).

26. *Id.*

27. U.S. Const. Art. VI., cl. 2.

28. Article 4 does not use the term "undeclared homestead," but that is how an unrecorded homestead is commonly referred to because a recorded homestead is defined as a "declared homestead" in § 704.910 *et seq.*

29. Article 5 permits an individual to record a homestead declaration in the county where the dwelling is located, thereby generally entitling the debtor to an exemption on a portion of any proceeds resulting from a voluntary sale. *See* § 704.960(a). The claim of exemption takes priority over any judgment creditor who records a lien after the homestead is recorded. *See* § 704.950.

Article 4, § 704.720 is the automatic exemption statute and provides in pertinent part:

> (a) A homestead is exempt from sale under this division to the extent provided in Section 704.800.

> (b) If a homestead is sold under this division or is damaged or destroyed or is acquired for public use, the proceeds of sale or of insurance or other indemnification for damage or destruction of the homestead or the proceeds received as compensation for a homestead acquired for public use are exempt in the amount of the homestead exemption provided in Section 704.730....

No sale of the Homestead has occurred; therefore there are no proceeds and subsection (b) presently does not apply. Instead, subsection (a) applies and the Homestead is exempt from sale. Read together, § 704.-720(a) and § 704.800 [30] provide that if no sales bid is greater than the amount of the exemption plus all liens, then a homestead cannot be sold to satisfy a judgment creditor's claim. Therefore, according to § 704.-720(a) and § 704.800, the Homestead Exemption exists prior to and independent of *any* sale conducted under Division 2.

Trustee objects to the Homestead Exemption pursuant to § 704.720(b). He concedes he cannot sell the Homestead for a price greater than all liens encumbering the Homestead plus the amount of the Homestead Exemption. Nevertheless, Trustee argues that Debtor has no homestead exemption because there is no money judgment being enforced by a judgment creditor. Since there has been no sale and there are no proceeds, it is difficult to understand Trustee's citation of § 704.-720(b). Trustee draws his argument from *Pladson.*

## III. THE *PLADSON* COURT'S CONSTRUCTION OF APPLICABLE LAW.

The *Pladson* court held that Chapter 7 debtors are not entitled to a homestead exemption in proceeds under § 704.720(b) because "The bankruptcy sale at issue here is not an enforcement of a money judgment and hence the debtors here cannot invoke 704.720." *Pladson* at 306. Regrettably, the *Pladson* court did not recite the underlying facts or procedure. Therefore, it is impossible to determine the applicability of *Pladson* to the instant dispute. Trustee relies only on the bare conclusion of law reached in *Pladson.*

### A. Distinguishing *Pladson.*

The *Pladson* case is distinguishable because the Homestead has not been sold. Therefore, § 704.720(b) by its own terms is inapplicable.

### B. Disagreeing with *Pladson.*

■ The *Pladson* court fails to discuss the relevance of Article 1 except to state "703.140 does not expand the homestead exemption to all types of forced sales." *Pladson* at 307. This conclusion does not address the plain language of § 703.010 read in conjunction with § 703.140 as discussed above. Section 703.140 makes the exemptions of § 704.720(a) and (b) available in bankruptcy cases regardless of whether a sale pursuant to a money judgment occurs.

Further, because bankruptcy sales are expressly included within the reach of Division 2 through § 703.140, a sale under § 703.010 is not a prerequisite for the applicability of a homestead exemption. To con-

---

**30.** Section 704.800 states in pertinent part:

(a) If no bid is received at a sale of a homestead pursuant to a court order for sale that exceeds the amount of the homestead exemption plus any additional amount necessary to satisfy all liens and encumbrances on the property, including but not limited to any attachment or judgment lien, the homestead shall not be sold and shall be released and is not thereafter subject to a court order for sale upon subsequent application by the same judgment creditor for a period of one year.

(b) If no bid is received at the sale of a homestead pursuant to a court order for sale that is 90 percent or more of the fair market value determined pursuant to Section 704.780, the homestead shall not be sold unless the court, upon motion of the judgment creditor, does one of the following: ....

strue § 703.140 otherwise is to render it superfluous or meaningless.

The *Pladson* court considered itself bound to the holding of *Spencer v. Lowery*.[31] In *Spencer,* a California Court of Appeal denied a claim of exemption, holding that a sale of a home pursuant to a power of sale in a deed of trust was not an execution of a money judgment as required by § 704.720. Quoting *Spencer:*

> Section 704.720(b) reads in part: 'If a homestead is sold *under this division* ... the proceeds of sale ... are exempt in the amount of the homestead exemption....' (Italics added.) ... Sales 'under this division' referred to in section 704.720(b) are sales in execution of a money judgment. This category does not include a sale pursuant to the power of sale in a deed of trust or mortgage; such sales are not within the referenced division, but instead are described in Civil Code sections 2924 to 2924k.

I agree with the holding of *Spencer* that a sale pursuant to a deed of trust does not fall within Division 2 as clearly expressed in § 703.010(b).[32] However, contrary to the conclusion reached by the *Pladson* court, the *Spencer* decision is not binding law on the issue before me. Although a decision by a California court of appeal regarding California law is controlling upon a federal court if the California Supreme Court has not ruled upon the issue,[33] the instant dispute and *Pladson* are distinguishable because the *Spencer* court did not consider a claim of exemption in a bankruptcy case and therefore § 703.140 was not at issue. To the extent the *Spencer* court discusses a claim of exemption in a bankruptcy case, that discussion is dictum, to which no court is bound.[34]

The *Spencer* court suggests in dictum that the reasoning of the court in *In re Cole*,[35] is "flawed" because the *Spencer* court read *Cole* to hold that an exemption is available in the proceeds of *all* involuntary sales of a homestead. This may be the argument made by the *Spencer* appellant, but it is not what the *Cole* court held. The *Cole* court held only that the exemption of § 704.720(b) is available in a sale of property in a bankruptcy case, presumably relying upon § 703.140.

Thus, the *Pladson* court ignores the plain language of § 703.140 due to its reliance on the dictum in *Spencer* that misconstrues the holding of *Cole.* This is difficult to fathom in view of the *Pladson* and *Spencer* courts' insistence that courts should place greater reliance on statutory language than on case law or a court's perception of public policy. Moreover, I decline to follow *Pladson* because doing so would result in the abrogation of § 703.140 and would deprive debtors in bankruptcy of *all* exemptions unless there was an action to enforce a money judgment.[36] Trustee acknowledged this disastrous consequence at the hearing on the Motion.

Even if § 703.140 does not mean what it plainly says, the *Pladson* decision is wrong. Section § 544(a) provides:

> (a) The trustee shall have ... the rights and powers of, *or* may avoid any transfer of property of the debtor ... by:
>
> (1) a creditor ... that obtains ... a judicial lien;
>
> (2) a creditor ... at the time of the commencement of the case, ... obtains, ... an execution against the debtor that is returned unsatisfied at such time, ... (emphasis added).

---

**31.** 235 Cal.App.3d 1636, 1638, 1 Cal.Rptr.2d 795 (1991).

**32.** Section 703.010(b) provides:
(b) The exemptions provided by this chapter or by any other statute do not apply if the judgment to be enforced is for the foreclosure of a mortgage, deed of trust, or other lien or encumbrance on the property other than a lien created pursuant to this division or pursuant to Title 6.5....

**33.** *State Farm Fire and Casualty Company v. Abraio,* 874 F.2d 619, 621 (9th Cir.1989).

**34.** *U.S. v. Tsinnijinnie,* 601 F.2d 1035 (9th Cir. 1979).

**35.** 93 B.R. 707 (9th Cir. BAP 1988).

**36.** *See In re Herman,* 120 B.R. 127, 131–32 (9th Cir. BAP 1990).

Trustee argues that he is not a judgment creditor despite the plain language of § 544. He asserts that § 544 has significance only when a trustee attempts to avoid the transfer of property of the estate. This construction of § 544 ignores the word "or" in the statute [37] and Ninth Circuit authority.[38]

According to § 544, Trustee is a judgment creditor; therefore, the express requirement of § 703.010 that exemptions apply to procedures for the enforcement of a money judgment is satisfied, independent of § 703.140. If Trustee later sells the Homestead pursuant to § 363, then he nonetheless does so as a judgment creditor and for exactly the same reasons a judgment creditor outside of bankruptcy sells a homestead—to satisfy the claims of creditors—only a trustee does so for the collective benefit of creditors. Had Trustee sold the Homestead before the Motion was filed, the Debtor would have an exemption in the sale proceeds under § 704.720(b). That is because a sale by a trustee in bankruptcy constitutes a sale under Division 2, as discussed above.

Bankruptcy sales are not the only non-money judgment sales that are nevertheless treated as a money judgment sale by the California legislature for the purpose of affording a debtor a homestead exemption. Under §§ 688.020 and 688.040, even though it has no judgment, the State of California is generally authorized to enforce a warrant it issues for the collection of unpaid taxes as if it were a judgment creditor under Division 2.[39] These sections have the same effect as § 703.140—they treat a sale that does not fall within the reach of § 703.010 as if it were one. Sections 688.020 and 688.040 are analogous to § 544 as they imbue a non-money judgment creditor with the powers of one.

## V. CONCLUSION.

Reading §§ 703.010, 703.140 and 704.720 in harmony with one another, it is clear that a bankruptcy debtor is entitled to a homestead exemption absent the existence of a judgment creditor who seeks to enforce a money judgment against a judgment debtor. Even if a homestead exemption did require the existence of a judgment creditor seeking to enforce a money judgment, that requirement is met by § 544(a).

The following judges of the United States Bankruptcy Court of the Central District of California join in the conclusions of law reached in the above Opinion.

Honorable Chief Judge Calvin K. Ashland
Honorable Alan M. Ahart
Honorable Lisa Hill Fenning
Honorable William J. Lasarow
Honorable Geraldine Mund
Honorable Robin Riblet

**37.** Section 102(5) defines the word "or" as "not exclusive."

**38.** *See e.g., In re Center Wholesale, Inc.,* 759 F.2d 1440, 1446 (9th Cir.1985) (agreeing with debtor's objection to the application of the "marshalling doctrine" on the basis of the debtor-in-possession's status as a judicial lien creditor pursuant to § 544).

**39.** Section 688.020 provides in pertinent part: (a) Except as otherwise provided by statute, *whenever a warrant may properly be issued by the state,* or by a department or agency of the state, *pursuant to any provision of the Public Resources Code, Revenue and Taxation Code, or Unemployment Insurance Code, ... the state or the department or agency of the state authorized to issue the warrant may use any of the remedies available to a judgment creditor....*

Section 688.030 provides in pertinent part: (a) *Whenever* pursuant to any provision of the Public Resources Code, Revenue and Taxation Code ... or Unemployment Uninsurance Code, *property is levied upon pursuant to a warrant or notice of levy issued by the state or by a department or agency of the state for the collection of a liability:*
(1) *... the debtor is entitled to the same exemption to which a judgment debtor is entitled.*

Section 688.040 provides in pertinent part: For the purpose of this article, as used in this title:
(a) *"Judgment creditor" or "creditor" means the state or the department or agency of the state seeking to collect the liability.*
(b) *"Judgment debtor" or "debtor" means the debtor from whom the liability is sought to be collected* (emphasis added.)