**In re Alton J. WILSON, Debtor.**

**Bankruptcy No. 94–40031 JP.**

United States Bankruptcy Court,
N.D. California.

May 16, 1994.

**600**

Max Cline, Oakland, CA, for debtor.

*DECISION*

EDWARD D. JELLEN, Bankruptcy Judge:

Debtor Alton J. Wilson ("debtor") has moved to avoid a judicial lien in favor of George S. Wynns ("Wynns") pursuant to Bankruptcy Code section 522(f)(1).[1] The motion will be denied.

## I. INTRODUCTION

The facts are undisputed. On January 3, 1994, debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code. At that date, debtor owned an undivided one-half interest in a residence located at 3392 64th Avenue, Oakland, California (the "Property"). The other undivided one-half interest was owned by the debtor's spouse, Redeemer G. Wilson.

On the petition date, the Property was encumbered by a first deed of trust in favor of Bank of America NT & SA that secured a debt in the sum of $14,067. The Property was further encumbered by an abstract of judgment in the sum of $14,548 that Wynns recorded with the Alameda County Recorder on February 5, 1993. On the petition date, debtor owed Wynns $16,909.

Debtor claims a $100,000 "automatic" homestead exemption pursuant to Cal.Civ. Proc.Code section 704.730(a)(3).[2] The parties agree that at the petition date, the Property had a fair market value of $130,000 and that debtor's interest in the Property was worth $65,000. Thus, at the petition date, Wynns's judgment lien had not attached to any non-exempt equity.

## II. DISCUSSION

■ The primary issue raised is important to bankruptcy debtors that have not recorded a declaration of homestead and whose property is encumbered by judgment liens that have not attached to any equity by the date of the petition. Does such a judgment lien "impair" the debtor's automatic homestead exemption within the meaning of Bankruptcy Code section 522(f)(1)? The court concludes that it does not.

In *In re Chabot,* 992 F.2d 891 (9th Cir. 1993), the judgment lien at issue attached to some equity, but was undersecured. The court held that the debtor was not entitled to avoid the lien, in whole or in part, because it was junior in priority to debtor's homestead exemption and thus did not reduce the amount of the exemption. In reaching this conclusion, the Ninth Circuit expressly declined to "take a broad view of the term 'impair' and analyze it with reference to the 'fresh start' policy." *Id.* at 894–95. Rather, the court held that "an exemption is not

1. Bankruptcy Code section 522(f)(1) provides as follows:

   Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

   (1) a judicial lien....

2. Wynns raises several arguments that contest the availability of the automatic homestead exemption to this debtor. Based upon the undisputed facts, however, the court is satisfied that the claim of exemption is valid under Cal.Civ. Proc.Code §§ 704.710(c) and 704.730(a)(3)(B).

impaired unless its amount is diminished in value." *Id.* at 895.

*Chabot* applies here. Under California law, debtor's automatic homestead exemption is senior in priority to, and upon any judgment lien sale must be paid before, Wynns's judgment lien.[3] Wynns's lien does not diminish the amount of, and consequently under *Chabot* does not "impair," debtor's homestead exemption.

Debtor argues that *Chabot* is inapplicable because the lien at issue therein, unlike Wynns's lien, had attached to some equity by the petition date. Debtor also observes that the *Chabot* court did not address the "impairment" issue until it first found that the lien had attached to some equity.

The court rejects this argument. In *Chabot,* unlike the present case, the debtor had recorded a declaration of homestead. Under California law, a judgment lien (with certain exceptions) "does not attach to a declared homestead" except to the extent of any surplus over the total of the following:

(1) All liens and encumbrances on the declared homestead at the time the abstract of judgment ... is recorded to create the judgment lien.

(2) The homestead exemption set forth in Section 704.730.

Cal.Civ.Proc.Code section 704.950 (West 1987).

Consequently, before the *Chabot* court needed to address whether the judgment lien at issue impaired debtor's homestead exemption, the court first had to determine whether any judgment lien even existed in light of section 704.950. The same does not hold true here, where the debtor did not record a declaration of homestead and section 704.950

does not apply. Rather, the abstract of judgment constitutes a lien against the Property upon recordation.[4]

Debtor also argues that the judgment lien impairs his homestead exemption as a practical matter because he cannot sell the Property and therefore realize on the exemption without paying off Wynns's lien.

■ For two reasons, the court rejects this argument. First, a debtor receives no benefit from the automatic homestead exemption in the context of voluntary sale. California's automatic homestead exemption protects a debtor only in the context of a forced lien sale. Cal.Civ.Proc.Code section 704.740(a) (West 1987); *In re Anderson,* 824 F.2d 754, 757 (9th Cir.1987). Debtors seeking homestead protection in the context of a voluntary sale must record a declaration of homestead.[5] Cal.Civ.Proc.Code section 704.-960; *In re Anderson,* 824 F.2d at 757.

■ Second, the *Chabot* court stated that the plain meaning of the statute, not the broad concept of a debtor's "fresh start," should determine the meaning of "impair." *Id.* at 894–95. Indeed, it was for this reason that the *Chabot* court declined to avoid that portion of the judgment lien at issue that had not attached to any equity, reasoning that any future appreciation should enure to the lienholder, not the debtor. *Id.* at 891. The mere possibility that, under certain circumstances, the continued existence of the judgment lien could arguably hinder the debtor's fresh start by limiting his ability to dispose of his homestead does not change the meaning of "impair," which under section 522(f) means to diminish in value. *Id.* at 895.

3. Cal.Civ.Proc.Code section 704.850(a) (West 1987) provides as follows:
   (a) The levying officer shall distribute the proceeds of sale of a homestead in the following order:
   ....
   (2) To the judgment debtor in the amount of any applicable exemption of proceeds pursuant to Section 704.720
   ....
   (4) To the judgment creditor....

4. Cal.Civ.Proc.Code § 697.310(a) (West 1987) provides as follows:

Except as otherwise provided by statute, a judgment lien on real property is created under this section by recording an abstract of a money judgment with the county recorder.

5. Cal.Civ.Proc.Code § 704.960(a) (West 1987) provides as follows: .

If a declared homestead is voluntarily sold, the proceeds of sale are exempt in the amount provided by Section 704.730 for a period of six months after the date of sale.

 Debtor further argues that the judgment lien will interfere with his ability to make payments under his Chapter 13 plan. The court rejects this argument. Bankruptcy Code section 506(a) provides that a lien on property in which the estate has an interest "is a secured claim to the extent of the value of such creditor's interest ... in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim."

Thus, although Wynns may have an abstract of judgment on the Property, his entire claim is unsecured and entitled to no better treatment than the other unsecured claims in the case. If debtor fully performs the plan, then Bankruptcy Code section 1328(a) would operate to discharge him from any personal liability on the claims, although Wynns would retain his lien rights as against the Property.

 The court's holding is not at odds with Bankruptcy Code section 522(c), which provides for the release from liability of "property exempted under this section" from certain liens. *Contra In re Kopstein*, 163 B.R. 573 (Bankr.N.D.Cal.1994). This is so for two reasons. First, under Bankruptcy Code section 522(c), the "property exempted under this section" is the dollar amount of the exemption, not the real property or any interest therein. *In re Reed*, 940 F.2d 1317, 1321 (9th Cir.1991); *See In re Hyman*, 967 F.2d 1316, 1321 (9th Cir.1992). Because Wynns's judgment lien is a lien on the Property but not on any dollar amounts debtor may realize from the Property, no "property exempted" is subject to Wynns's lien in violation of Bankruptcy Code section 522(c).

 Second, the restriction imposed by Bankruptcy Code section 522(c) applies "[u]nless the case is dismissed." *Id.* Here debtor has not completed his plan or received his discharge, and retains the right to dismiss the case at anytime. Bankruptcy Code section 1307(b). Therefore, application of

Bankruptcy Code section 522(c) would be premature. *See In re Heincy*, 858 F.2d 548, 550 (9th Cir.1988).

Nor does *Owen v. Owen*, 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991), mandate avoidance of Wynns's lien. In *Owen*, the homestead exemption at issue was unavailable under Florida law to exempt property that was subject to a judicial lien that attached before the property acquired its homestead status. 500 U.S. at 307, 111 S.Ct. at 1835. The issue was whether the debtor could avoid such a pre-existing judgment lien pursuant to Bankruptcy Code section 522(f)(1) notwithstanding the fact that state law barred the exemption because of the judgment lien.

The lienholder argued that because the Property was not exempt, the judgment lien could not impair an exemption for purposes of section 522(f)(1). 111 S.Ct. at 1836. The Supreme Court disagreed, holding that if the debtor could have claimed the exemption "but for" the judgment lien, then the judgment lien impairs the exemption. *Id.* at 311, 111 S.Ct. at 1837.

Here, there is no dispute that the debtor is entitled to his exemption under California law notwithstanding the presence of the judgment lien. Indeed, Wynns may not sell the Property unless a bid is received in an amount sufficient to assure that the debtor receives the full benefit of his homestead exemption.[6] The rationale of *Owen* is therefore inapplicable.

### III. CONCLUSION

An order will issue denying debtor's motion to avoid the judgment lien at issue.

---

6. Cal.Civ.Proc.Code § 704.800(a) (West 1987) provides as follows:

    If no bid is received at a sale of a homestead ... that exceeds the amount of the homestead exemption plus any additional amount neces-

sary to satisfy all liens and encumbrances on the property, including but not limited to any attachment or judgment lien, the homestead shall not be sold....