**In re Alton WILSON, Debtor.**

**George S. WYNNS, Appellant,**

v.

**Alton J. WILSON, Appellee.**

**No. 95–15072.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 16, 1996.

Decided July 12, 1996.

---

George Wynns, San Francisco, California, in pro per, for appellant.

Melanie M. Darling, Law Offices of Max Cline, Oakland, California, for appellee.

Norma L. Hammes, Gold and Hammes, San Jose, California, for amicus curiae National Association of Consumer Bankruptcy Attorneys, Inc.

Before: SCHROEDER, D.W. NELSON and KOZINSKI, Circuit Judges.

SCHROEDER, Circuit Judge:

We must decide whether a judicial lien impairs a California debtor's automatic homestead exemption and therefore requires avoidance of the lien pursuant to 11 U.S.C. § 522(f)(1). Our decision in this case is controlled by our holding in *In re Chabot (City National Bank v. Chabot)*, 992 F.2d 891 (9th Cir.1993) and not by Congress' subsequent amendment to the statute that overruled *Chabot*, but was not made retroactive. We reverse the district court's judgment and hold that the bankruptcy court correctly denied avoidance of the lien.

## FACTS

On January 3, 1994, appellee Alton J. Wilson filed a voluntary petition under Chapter 13 of the Bankruptcy Code. On that date, Wilson owned an undivided one-half interest as a joint-tenant in a residence located in Oakland, California. The other undivided one-half interest was owned by Wilson's spouse.

On the petition date, the residence was encumbered by a first deed of trust in favor of Bank of America NT & SA that secured a debt in the sum of $14,067. The residence was further encumbered by a judgment lien for $14,548.61 that appellant George S. Wynns recorded on February 5, 1993. On the petition date, Wilson owed Wynns approximately $16,909.

In his petition, Wilson claimed a $100,000 automatic homestead exemption, based on his spouse's disability, pursuant to Cal.Civ.Proc. Code § 704.730(a)(3). The parties agreed that, on the petition date, the property had a fair market value of $130,000 and that Wilson's interest in the property was worth $65,000.

Wilson moved the bankruptcy court to avoid Wynns's judicial lien pursuant to 11 U.S.C. § 522(f)(1) contending that the lien impaired his homestead exemption. Relying on this court's decision in *Chabot*, the bankruptcy court held that the judicial lien did not impair Wilson's automatic homestead exemption and denied the motion. *In re Wilson*, 167 B.R. 599, 601 (Bankr.N.D.Cal.1994). It reasoned that in this case, as in *Chabot*, the debtor would, upon a forced sale of the property, receive the entire amount of the exemption because under California law the exemption was senior to the liens. *Id.* On appeal the district court reversed the bankruptcy court's decision and held that Wynns's judicial lien impaired Wilson's homestead exemption. The district court pointed out that if the property were to be sold after the debtor emerged from bankruptcy, and the lien not avoided, the lien could reduce the amount Wilson would receive below the amount of the exemption. *In re Wilson*, 175 B.R. 735, 741-42 (N.D.Cal.1994). Consequently, the district court allowed the debtor to avoid Wynns's lien pursuant to 11 U.S.C. § 522(f)(1). Wynns appeals.

### Avoidance of Judicial Lien

A. The *Chabot* Case

■ On appeal, Wynns argues that our decision in *Chabot* determines the outcome of this appeal. In *Chabot*, the debtors had over $230,000 in equity in their residence above the amount of the consensual liens and the $45,000 homestead exemption. Debtors moved to avoid a creditor's judicial lien for

$241,579.08. The bankruptcy court denied the debtors' motion and held that the power to avoid judicial liens is limited to the extent that such liens impair an exemption and that even the unsecured portion of the lien did not impair the debtors' prior $45,000 exemption amount. The district court affirmed.

Applying the plain language of 11 U.S.C. § 522(f), we affirmed as well. We held that the debtor's homestead exemption was not impaired because its nominal amount was not diminished in value. *See Chabot,* 992 F.2d at 895. The judicial lien had "no impact on the Chabots' ability to recover their $45,000 homestead exemption." *Id.*

Our decision in *Chabot* has been criticized and its holding was overruled when Congress amended section 522(f) as part of the Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, § 303, 108 Stat. (1994 U.S.C.C.A.N.) 4106, 4132. Under the newly enacted subsection 522(f)(2)(A) there would likely be a different result in this case. Subsection 522(f)(2)(A) sets forth a mathematical formula to determine whether a lien impairs an exemption. It provides:

> [A] lien shall be considered to impair an exemption to the extent that the sum of—
> (i) the lien;
> (ii) all other liens on the property; and
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.[1]

*Chabot,* however, applies to this case. The amendments to section 522(f) do not apply here, since generally the Bankruptcy Reform Act of 1994 applies only in bankruptcy cases filed on or after October 22, 1994. *See* Bankruptcy Reform Act of 1994 § 702(b), 108 Stat. (1994 U.S.C.C.A.N.) at 4150–51. We apply *Chabot* to this case as the law of the circuit.

## B. Application of *Chabot*

In reaching our decision in *Chabot,* we first determined whether, under state law, a lien attached to the property. *See Chabot,* 992 F.2d at 893–94. After holding that a valid, attached lien existed, we then determined whether the lien impaired the homestead exemption and could therefore be avoided under section 522(f). *See id.* at 894–95. We apply the same analysis to this case.

### 1. Validity of judicial lien

 Wilson has a non-declared homestead exemption, commonly referred to as an "automatic" homestead exemption since it does not require any recordation or execution. *See* Cal.Civ.Proc.Code § 704.720; *In re Amiri,* 184 B.R. 60, 63 (9th Cir. BAP 1995). When Wynns recorded his abstract of money judgment, he created a judicial lien on Wilson's property. *See* Cal.Civ.Proc.Code § 697.310(a). Once the judicial lien was created, it attached to all present and future interests in the property that are subject to enforcement of the money judgment against the debtor. *See* Cal.Civ.Proc.Code § 697.340. As an automatic exemption does not arise absent a forced sale, Cal.Civ.Proc. Code § 704.720, there was, at that time, equity to which the lien could attach. *See id.* § 704.950(c); *Chabot,* 992 F.2d at 894. Accordingly, the judicial lien at issue attached to the property.

### 2. Impairment of Homestead Exemption

 Prior to its amendment in 1994, Bankruptcy Code section 522(f) stated:

> Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

---

**1.** The legislative history of section 303 of the 1994 Amendments provides in part:

Because the Bankruptcy Code does not currently define the meaning of the words "impair an exemption" in section 522(f), several court decisions have, in recent years, reached results that were not intended by Congress when it drafted the Code. This amendment would provide a simple arithmetic test to determine

whether a lien impairs an exemption, based upon a decision, *In re Brantz,* 106 B.R. 62 (Bankr.E.D.Pa.1989), that was favorably cited by the Supreme Court in *Owen v. Owen,* 500 U.S. 305, 313, n. 5, 111 S.Ct. 1833, 1838, n. 5, 114 L.Ed.2d 350.

H.R.Rep. No. 835, 103d Cong., 2d Sess. 52 (1994), *reprinted in* 1994 U.S.C.C.A.N. 3340, 3361.

(1) a judicial lien.

11 U.S.C. § 522(f)(1).

■■ Wilson contends that his homestead exemption is impaired because Wynns's judicial lien has a negative impact on his ability to realize the full value of his homestead exemption in the event of a voluntary sale. In California, however, the automatic homestead exemption protects a debtor only in the context of a forced lien sale. *See* Cal.Civ. Proc.Code §§ 704.720(b) & 704.740(a); *Schwaber v. Reed (In re Reed)*, 940 F.2d 1317, 1321 (9th Cir.1991) ("[T]he 'homestead exemption' in California is merely a debtor's right to retain a certain sum of money when the court orders sale of a homestead in order to enforce a money judgment...."); *Redwood Empire Production Credit Assoc. v. Anderson (In re Anderson)*, 824 F.2d 754, 757 (9th Cir.1987). A debtor who seeks homestead protection in the context of a voluntary sale must record a declaration of homestead. *See* Cal.Civ.Proc.Code § 704.960; *Anderson*, 824 F.2d at 757.

■■ Under California law, should a forced lien sale occur, a debtor will receive his statutory homestead exemption before payment of the judgment lien because a debtor's homestead exemption is senior in priority to a judgment lien. *See* Cal.Civ.Proc.Code § 704.850; *see also Amiri*, 184 B.R. at 63 ("In the event of a forced lien sale, the levying officer is required to distribute the proceeds to pay off all consensual liens and the debtor's homestead exemption prior to satisfying any judgment liens."). Because Wilson has no exemption rights arising out of a voluntary sale, due to his failure to file a declaration of homestead, his argument that his homestead exemption is diminished if he attempts a voluntary sale lacks merit. *See id.; see also Anderson*, 824 F.2d at 757.

■■ Wilson also argues that by failing to avoid the judicial lien, his "fresh start" is hindered. We rejected this contention in *Chabot* where we said that "[u]nder this analysis, any unsecured portion of a lien should be avoided because otherwise it will linger after discharge, attach to any post-petition appreciation in the property, and thereby hinder the debtors' fresh start." 992 F.2d at 894–95. Applying the plain meaning of section 522(f), we held that "an exemption is not impaired unless its amount is diminished in value." *Id.* at 895.

Here, Wilson's ability to recover his homestead exemption is not impacted by the judicial lien because he will receive his statutory amount in a forced sale prior to any distribution of proceeds to satisfy the lien. Because Wilson's homestead exemption is not impaired by Wynns's judicial lien, the lien cannot be avoided. *See Chabot*, 992 F.2d at 895 ("There is no basis for the proposition that the homestead exemption provides ownership benefits, such as the right to appreciation, beyond the set amount.").

**REVERSED.**