107 F.3d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Patrick J. BENTLEY, fdba King of Hearts; fdba Between
the Sheets, Debtor.
Patrick J. BENTLEY, Appellant,
v.
EL DORADO PROPERTIES; Design Imports India, Appellees.
 No. 95-35806.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1996.*
Decided Feb. 5, 1997.
 
 1
 Before: FLETCHER and FERGUSON, Circuit Judges, and KING,**
 
 
 2
 MEMORANDUM***
 
 
 3
 This is an appeal from a Ninth Circuit Bankruptcy Appellate Panel ruling denying a debtor's motion to avoid two judgment liens against his home. The debtor claims the liens impair his homestead exemption and should, therefore, be avoided under 11 U.S.C. § 522(f). Relying on this court's decision in In Re Chabot, 992 F.2d 891 (9th Cir.1993), the Bankruptcy Appellate Panel held that the judgment liens do not "impair" the debtor's exemption. The Bankruptcy Appellate Panel had jurisdiction under the 28 U.S.C. § 158(b)(2). We have jurisdiction over this appeal pursuant to 28 U.S.C. § 158(d), and we affirm.
 
 
 4
 Conclusions of law of the Bankruptcy Appellate Panel are reviewed de novo. In re Alsberg, 68 F.3d 312, 314 (9th Cir.1995), cert. denied, 116 S.Ct. 1568 (1996). The issue of whether a bankruptcy court correctly interpreted the Bankruptcy Code is likewise reviewed de novo. In re Harrell, 73 F.3d 218, 219 (9th Cir.1996) (per curiam).
 
 
 5
 On appeal, the debtor argues that the Bankruptcy Reform Act of 1994, which became effective while this case was pending,[1] should be retroactively applied to this case. Bankruptcy Reform Act of 1994, Pub.L. No. 103-394, 108 Stat. (1994 U.S.C.C.A.N.) 4106, 4132. The newly enacted subsection 522(f)(2)(A) of this Act overruled our holding in Chabot.[2] This subsection clarified the definition of the term "impair" and thereby resolved the issue of when a debtor can use § 522(f) to avoid liens on exempt property. However, the Act specifically states that it shall apply only to cases filed on or after October 22, 1994. Bankruptcy Reform Act of 1994 § 702(b), 108 Stat. (1994 U.S.C.C.A.N.) at 4150-51. Thus, those cases filed before the effective date of the 1994 Act continue to be interpreted under Chabot. This case was filed before October 22, 1994 and thus we must apply Chabot.
 
 
 6
 In the alternative, the debtor argues that Chabot was wrongly decided and should be overruled. He contends that Chabot mistakenly relied upon distinguishable Supreme Court precedent and misinterpreted congressional intent. Even if the debtor is correct, and Chabot was wrongly decided, we lack the authority to overrule prior circuit precedent.[3] Furthermore, Chabot was recently reaffirmed as the law of the circuit for all cases filed before October 22, 1994. Wynns v. Wilson, 90 F.3d 347, 350 (1996).
 
 
 7
 The debtor's final argument is that because the newly enacted § 522(f)(2)(A) does not amend or alter § 522(f)(1)(A), but merely 'clarifies' the meaning of a preexisting phrase, it should be applied retroactively to cases pending at the time the legislation was adopted. He posits a rule of statutory construction that distinguishes between legislation which clarifies and that which alters existing law. The former, he argues, should be applied to all cases pending at the time the legislation was adopted. Whether or not such rule of statutory construction exists, it would not apply here. The statute makes substantive changes. "[A] court is to apply the law in effect at the time it renders its decision unless ... there is statutory direction or legislative history to the contrary." Bradley v. School Board of Richmond, 416 U.S. 696, 711 (1973). Here, there are both. The Bankruptcy Reform Act of 1994 clearly states that it should be applied only to cases commenced on or after October 22, 1994. Bankruptcy Reform Act of 1994 § 702(b), 108 Stat. (1994 U.S.C.C.A.N.) at 4150-51. Though a decision was pending in this case at the time the 1994 Act became effective, the case was filed in May 1994, well before the effective date of the 1994 Act. Chabot is controlling. Accordingly, we affirm the decision of the Bankruptcy Appellate Panel.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This case was filed May 12, 1994
 
 
 [2]
 The new subsection (2)(A) provides a mathematical formula to determine when a lien impairs an exemption
 "(2)(A) for the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of--
 (i) the lien;
 (ii) all other liens on the property; and
 (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
 exceeds the value that the debtor's interest in the property would have in the absence of any liens."
 11 U.S.C. § 522(f)(2)(A) (as amended 1994).
 
 
 [3]
 As a three-judge panel, we are bound by prior Ninth Circuit decisions. F.D.I.C. v. McSweeney, 976 F.2d 532, 535 (9th Cir.1992). cert. denied, 508 U.S. 950 (1993). Since panel decisions bind subsequent panels, this panel cannot overrule Chabot unless a subsequent Supreme Court decision or legislation undermines the Ninth Circuit ruling. Landreth v. Commission, 859 F.2d 643, 648 (9th Cir.1988)