134 F.3d 377
 2 Cal. Bankr. Ct. Rep. 29
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re: John William HIBBS, Debtor.
John William HIBBS; Sandra Burris Hibbs, Appellants,
v.
Demetrios James SOPHOS, Appellee.
 No. 96-55569.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1998.**
Decided Jan. 15, 1998.
 
 Appeal from the Ninth Circuit Bankruptcy Appellate Panel Jeilen, Meyers, and Ollason, Bankruptcy Judges, Presiding
 Before: BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Chapter 7 debtor John William Hibbs appeals pro se the Bankruptcy Appellate Panel's ("BAP") decision affirming the bankruptcy court's denial of Hibbs's motion for reconsideration. Hibbs sought reconsideration of the bankruptcy court's denial of his motion to avoid the judicial lien of creditor Demetrios Sophos pursuant to 11 U.S.C. § 522(f)(1) We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we affirm.
 
 
 3
 This court independently reviews the bankruptcy court's rulings on appeal from the BAP. See Havelock v. Taxel ( In re Pace), 67 F.3d 187, 191 (9th Cir.1995). We review the bankruptcy court's conclusions of law de novo and the court's findings of fact for clear error. See Alsberg v. Robertson (In re Alsberg), 68 F.3d 312, 314 (9th Cir.1995).
 
 
 4
 Hibbs contends that the bankruptcy court erred by relying on Chabot v. City National Bank ( In re Chabot), 992 F.2d 891, 895 (9th Cir.1993), because Chabot was overruled when Congress amended section 522(f) as part of the Bankruptcy Reform Act of 1994, Pub. L No. 103-394, § 303, 108 Stat. 4106, 4132 ("1994 Reform Act"). This contention lacks merit.
 
 
 5
 With a few exceptions that are not applicable to this case, the provisions of the 1994 Reform Act apply only to bankruptcy cases filed on or after October 22, 1994. See Wynns v. Wilson (In re Wilson), 90 F.3d 347, 350 (9th Cir.1996). Because Hibbs filed his bankruptcy petition prior to October 22, 1994, the bankruptcy court correctly held that Chabot applied to this case. See id.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3