### In re Elisa CUMBERBATCH, Debtor.

### No. SA 03–14419 JR.

United States Bankruptcy Court,
C.D. California.

Dec. 10, 2003.

Robert I. Duskis, Anaheim Hills, CA, for Debtor.

## MEMORANDUM OPINION

JOHN E. RYAN, Bankruptcy Judge.

### I. INTRODUCTION

On June 10, 2003, Elisa Cumberbatch ("Debtor") filed a petition under chapter 7 of the Bankruptcy Code. Debtor listed real property located 25112 Bellota, Mission Viejo, California (the "Property") on her schedules. Debtor also claimed an exemption under § 704.720 [1] in the amount of $75,000 for the Property.

The chapter 7 trustee ("Trustee") filed a motion objecting to Debtor's claim of exemption. Guy Cumberbatch, Debtor's former husband, joined in Trustee's motion. After the hearing on October 14, 2003, I took the matter under submission.

### II. JURISDICTION

I have jurisdiction over this matter under 28 U.S.C. § 157(b)(1). This is a core proceeding under the Bankruptcy Code, as defined in 28 U.S.C. § 157(b)(2)(A) and (B).

### III. STATEMENT OF FACTS

On December 12, 2002, a dissolution judgment (the "Judgment") was entered in state court dissolving the marriage between Guy and Debtor. The Judgment also determined their respective interests in certain marital assets. In particular, the Judgment ordered the Property sold and that Guy be reimbursed $19,027 by Debtor from her share of the net proceeds.[2]

Thereafter, the Property was sold on May 14, 2003, and after all liens, taxes, and costs of sale were satisfied, $105,454.78 remained in escrow for distribution to the parties. Debtor filed her chapter 7 peti-

---

[1]. Unless otherwise indicated, all section, division, title and code references are to the California Code of Civil Procedure ("CCP") §§ 1–2107.

[2]. The Judgment provides in relevant part:
The real property and residence located at 25112 Bellota, Mission Viejo, California shall be forthwith listed for sale and remain listed for sale until sold. Each party [sic] to cooperate in all aspects of that sale of this property. The property shall be listed with a mutually agreed upon real estate broker. The court shall reserve jurisdiction over the naming of the broker, listing price and distribution of the net sales proceeds.
Judgment (Dec. 12, 2002), at 2. The Judgment allocated $17,000 from the net proceeds of sale to Guy and divided the remainder equally between Guy and Debtor. The additional $19,027 of reimbursement was for mortgage payments, car payments, property taxes, insurance premiums and property division equalization. *Id.* at 3–5.

tion on June 10, 2003. In his objection, Trustee argued that Debtor is not entitled to a homestead exemption because (1) the Property was sold pre-petition, (2) Debtor never recorded a declaration of homestead, and (3) the sale was not conducted pursuant to the enforcement of a money judgment. Guy argued that Debtor's claimed homestead exemption was improper because she has no interest in the Property as a result of the Judgment.

## IV. DISCUSSION

■ A debtor is permitted to exempt certain property of the bankruptcy estate including "property that is specified under subsection (d) of this section, unless the State law that is applicable . . . specifically does not so authorize . . . ." 11 U.S.C. § 522(b). California has "opted out" of the federal exemption scheme provided by the Bankruptcy Code. CCP § 703.130. Therefore, a debtor's right to exemptions is governed by California law. *In re Mulch*, 182 B.R. 569, 572 (Bankr.N.D.Cal.1995).

### A. Homestead Exemptions Under California Law

■ Under California law, there are two types of homestead exemptions: a declared homestead and an automatic homestead exemption.[3] A declared homestead exemption requires that the party residing in the dwelling record a declaration of homestead in the office of the county recorder. CCP § 704.920. An automatic

homestead exemption arises by operation of law when a party's principal dwelling is sold in a forced sale. *Mulch*, 182 B.R. at 572. The party claiming the exemption must have resided in the dwelling continuously from the time the creditor's lien attached until either the sale of the dwelling or the judicial determination that the exemption applies.[4] *Kelley*, 300 B.R. at 17.

### B. Debtor's Right to a Homestead Exemption

Here, Debtor never recorded a declaration of homestead. Thus, she is only eligible for the automatic homestead exemption. Section 704.720 provides:

If a homestead is sold under this division . . . the proceeds of sale . . . are exempt for a period of six months after the time the proceeds are actually received by the judgment debtor . . . .

CCP § 704.720. Thus, assuming the requirements of the automatic homestead exemption are met, the proceeds of sale of the homestead are exempt for up to six months after receipt.

■ Here, Debtor filed her petition within a month after escrow closed. Because the sale of the Property occurred pre-petition, Debtor must claim an exemption in the proceeds of the sale.[5]

■ Trustee argues that the automatic homestead exemption does not apply here. He reasons that the sale was not a forced

---

3. A declared homestead is governed by Article 5, Chapter 4, Division 2 of Title 9 of the code. *See* CCP §§ 704.910–704.995. An automatic homestead exemption is governed by Article 4. *See id.* §§ 704.710–704.850. *See Kelley v. Locke (In re Kelley)*, 300 B.R. 11, 17–18 (9th Cir. BAP 2003).

4. Neither Trustee nor Guy contend that Debtor did not live at the Property until the sale was completed.

5. Property that can be claimed as exempt is limited to property of the estate. 11 U.S.C. § 522(b). The estate consists of all legal and equitable property interests of the debtor at the time the petition is filed. 11 U.S.C. § 541. Here, Debtor did not own the Property when she filed her petition because the sale had previously occurred. Therefore, the Property is not part of the bankruptcy estate and Debtor can not claim it as exempt.

sale because the sale was pursuant to a judgment of dissolution and not a money judgment.

Section 703.140 provides in relevant part:

> (a) In a case under Title 11 of the United States Code,[6] all of the exemptions provided by this chapter, including the homestead exemption, other than the provisions of subdivision (b) are applicable regardless of whether there is a money judgment against the debtor or whether a money judgment is being enforced by execution sale or any other procedure . . . .

CCP § 703.140. Cases interpreting this provision have confirmed that property need not be sold pursuant to a money judgment for a debtor in bankruptcy to be entitled to a homestead exemption. *In re Norman*, 157 B.R. 460 (Bankr.C.D.Cal. 1993); *Kendall v. Pladson (In re Pladson)*, 35 F.3d 462 (9th Cir.1994) (*"Pladson II"*).

The application of the automatic homestead exemption in bankruptcy under California exemption law was highlighted in *In re Pladson*, 154 B.R. 305 (N.D.Cal.1993)

(*"Pladson I"*).[7] There, the district court held that a sale of a debtor's residence in a chapter 7 liquidation was not an enforcement of a money judgment, and therefore the debtor was not entitled to an automatic homestead exemption. *Id.* at 306.

The *Pladson I* decision evoked an immediate response from other courts and the California legislature. *See Norman,* 157 B.R. 460; Cal.Code. Civ. Proc. § 703.140 (historical and statutory notes).[8]

First to respond to *Pladson I*, the *Norman* court undertook a lengthy analysis of the exemption provisions provided under California law. *Norman,* 157 B.R. at 461–64. The court concluded that, pursuant to § 703.140,[9] the homestead exemptions are "available in bankruptcy cases regardless of whether a sale pursuant to a money judgment occurs." *Id.* at 464.

The California legislature responded shortly thereafter, amending § 703.140 and clarifying the broad application of exemptions in bankruptcy cases. Thus, when *Pladson I* reached the Ninth Circuit, the court reversed the decision without

---

6. Title 11 of the United States Code, commonly referred to as the Bankruptcy Code, is found at 11 U.S.C. §§ 101–1330.

7. The Ninth Circuit explained that for many years prior to *Pladson I*, "courts routinely have allowed bankruptcy debtors to claim the California homestead exemption." *Pladson II*, 35 F.3d at 463.

8. In amending § 703.140, the California legislature emphatically stated:

> "The Legislature finds and declares that the amendment of Section 703.140 of the Code of Civil Procedure by Section 1 of this act pertaining to exemptions in bankruptcy is not a change in, but is declaratory of, existing law. The Legislature further finds and declares that the decision in [*Pladson I*], holding that the homestead exemption is not available in bankruptcy, is not a correct interpretation of California law. The En-

forcement of Judgments Law provides exemptions for various forms of property, including homesteads, and contains a number of special procedural protections for special forms of property. It is not, and never has been, the intention of the Legislature to restrict any of the exemptions in bankruptcy because of technical language concerning the procedures for claiming exemptions in state money judgment enforcement proceedings under the Enforcement of Judgments Law."

CCP § 703.140 (historical and statutory notes).

9. At the time *Norman* was decided, § 703.140 did not include the more explicit language added after *Pladson I*. It read:

> (a) If a petition is filed under Title 11 of the United States Code, the exemptions provided by this chapter... shall be applicable.

*Norman,* 157 B.R. at 463 (quoting CCP § 703.140).

lengthy discussion, noting both the intervening amendment of § 703.140 and the thorough analysis provided by *Norman. Pladson II*, 35 F.3d at 465–66, fn. 7.

▮▮▮▮▮ Therefore, it is clear that a sale pursuant to a money judgment is not required for the automatic homestead exemption to apply in bankruptcy.[10] This case, however, presents a new wrinkle in the application of the California homestead exemption in bankruptcy cases. Instead of a debtor's residence being sold during the bankruptcy, as was the case in *Pladson*, here, the Property was sold pre-petition. Debtor then claimed an automatic homestead exemption in the proceeds of sale.

The language of § 703.140 does not expressly cover this factual scenario.[11] It is well-settled that a debtor's exemption rights are determined as of the petition date. *Herman*, 120 B.R. at 130. Although § 703.140 eliminates the forced sale requirement for sales of real property that occur in bankruptcy, it does not retroactively transform a pre-petition sale into a forced sale on the filing of a bankruptcy petition. Therefore, when a sale of real property occurs pre-petition, a debtor must satisfy the standard homestead exemption requirements under either Article 4 or Article 5. For the automatic homestead exemption, this includes the requirement that the sale be conducted to satisfy a money judgment.

Therefore, the key issue is whether the Judgment is a money judgment for the purposes of the automatic homestead exemption. No cases address whether a dissolution judgment that calls for a sale of marital property and distribution of the proceeds constitutes a forced sale in connection with the enforcement of a money judgment. Indeed, cases applying the automatic homestead exemption have described the forced sale requirement differently. *See In re Wilson*, 90 F.3d 347, 351 (9th Cir.1996) ("the automatic homestead exemption protects a debtor only in the context of a forced lien sale"); *Amin v. Khazindar*, 112 Cal.App.4th 582, 589 (2003) ("the automatic homestead only entitles a debtor to protection from a forced execution sale"); *Katz v. Pike (In re Pike)*, 243 B.R. 66, 69 (9th Cir.BAP1999) ("all property owners have automatic homestead exemption, which does not arise absent a forced judicial sale"). However, the Ninth Circuit has emphasized "the well-established principle articulated by the California appellate courts that California homestead exemption statutes should be broadly and liberally construed." *Pladson II*, 35 F.3d at 465 (citing *Webb v. Trippet*, 235 Cal.App.3d 647, 650, 286 Cal.Rptr. 742 (1991)).

The term "money judgment" is defined under Title 9 as "that part of a judgment that requires the payment of money." CCP § 680.270. A judgment ordering the sale of real property is enforced by a writ of possession or sale. *Id.* § 712.010. "The

---

**10.** Other courts have reached the same conclusion by finding that a bankruptcy petition in itself meets the "forced sale" requirement of the automatic homestead exemption. *See e.g. Harris v. Herman (In re Herman)*, 120 B.R. 127, 130 (9th Cir. BAP 1990). These courts have deemed the petition the equivalent to a levy by the trustee on real property owned by the debtor on the petition date. *Id.*

**11.** Section 703.140(a) is written in the present tense, stating that the homestead exemption applies in bankruptcy "regardless of whether there is a money judgment against the debtor or whether a money judgment is being enforced by execution sale ...." CCP § 703.140(a). Thus, the statute does not expressly address the application of exemptions when the property claimed as exempt was sold prior to the petition date.

judgment debtor may be entitled to claim exemptions for property sought to be applied to the satisfaction of a money judgment pursuant to a writ of possession or sale." *Id.* § 712.040 (legislative committee comment). Therefore, when real property is levied on and applied to satisfy a money judgment, the exemption laws are available to protect the judgment debtor. This is also true when real property held in joint ownership is ordered sold to satisfy individual interests in the property. *See Amin,* 112 Cal.App.4th at 591 (stating that a partition sale of real property between tenants in common constitutes a forced sale for the purposes of the automatic homestead exemption).

Here, the state court ordered that Debtor reimburse Guy for certain of his contributions to community assets. The Judgment was a money judgment because part of the judgment required the payment of money. *See* CCP § 680.270. The Judgment ordered the sale of the Property to satisfy in part a money judgment. Therefore, the Judgment constitutes a forced sale of the Property for the purpose of satisfying a money judgment. Accordingly, Debtor is entitled to an automatic homestead exemption in the proceeds of sale.

### C. Debtor's Interest in the Proceeds of Sale

 Guy argues that, pursuant to the Judgment, Debtor has no interest in the proceeds of sale. This contention lacks merit. After liens, taxes, and costs were paid, $105,454.78 remained in escrow for distribution to the parties. The state court ordered that Guy receive the first $17,000 to satisfy his reimbursement claim. The remaining proceeds ($88,454.78) were to be divided equally ($44,227.39 to each party). The Judgment then required Debtor to pay $19,027.00 in equalization payments from her portion of the sale proceeds. This leaves Debtor with $25,200.39. Therefore, Debtor has an interest in the proceeds of sale and is entitled to an automatic homestead exemption to protect that interest.

### V. CONCLUSION

The language, legislative history and cases interpreting § 703.140(a) support that in bankruptcy, the homestead exemption is not limited to when a debtor's residence is sold to enforce a money judgment. However, when a sale of real property occurs prior to the bankruptcy petition, § 703.140 does not apply and a debtor must satisfy the standard homestead exemption requirements. For the automatic homestead exemption, this includes the requirement that the sale be conducted pursuant to a money judgment. Here, the sale of the Property was ordered to satisfy a judgment for the payment of money to reimburse Guy in connection with a marriage dissolution. Therefore, the sale was a forced sale, and Debtor's claimed automatic homestead exemption in the proceeds on the sale of the Property, which occurred within six months of the filing of the petition, was proper.

This opinion shall constitute my findings of fact and conclusions of law.